Parker, C. J.
[After stating the facts from the judge’s report. ] The first objection made to the recovery in the present action, which, however, has not been much insisted on, is, that, as the plaintiffs had assigned the lease, and Pelham, the lessor, had accepted rent of the defendant, the assignee, he had no legal remedy against the plaintiffs, who, having paid voluntarily and in their own wrong, ought not now to recover back from the defendant.
* But it is very clearly settled by the authorities cited by [ * 46 ] the counsel for the plaintiffs,(1) that, although debt for rent cannot be maintained against a lessee, who has assigned, after acceptance of rent from the assignee ; yet, if there are covenants in the lease to pay the rent, the covenants remain in force, and an action lies upon them between the lessor and lessee, notwithstanding the assignment and the acceptance of rent from the assignee.†
The next objection is, that the entry of the rector and wardens, on the 25th of April, 1809, put an end to the estate of Pelham ; for, by the judgment subsequently obtained by them upon their writ of formedon, the title is proved- to have been in them at the time of their entry, and they would have an action against Pelham for the mesne profits ; so that Pelham, not being entitled to the rent, the plaintiffs in this action could not by law have been compelled to pay *48 by virtue of the indenture of lease, and so ought not to recover of the defendant the money paid by them.
But there are insuperable.legal difficulties in the way of this defence. In the first place, the title under the gift is, by the judgment m formedon, established only from the rendition of the judgment; no entry by the demandants or disseizin being alleged as the foundation of their suit.
Further, it is very clear, that, if the rector and wardens have any itction of trespass for the mesne profits, it is only against Pelham, who ¿cpt them out. For, as the plaintiffs entered by virtue of the indenture of lease, and the defendant by virtue of an assignment of that indenture, neither of them can be considered as trespassers,(2), † nor was there any privity between them and the rector and wardens, which would subject them to an action for the use and occupation. Now, if no action can be maintained against Pelham, he has the right to receive the rent stipulated in his indenture with the plaintiffs, and can hold the same against every one ; and, if he is liable for the mesne profits, he was entitled to receive the rent, to enable him to answer to the rector and wardens for those profits.
[*47] *But there is another ground upon which this defence « must fail; which is, that, whether Pelham is liable to the rector and wardens or not, still the present plaintiffs could not have successfully resisted an action upon their covenants to pay the rent to him. The deed was an estoppel to them to deny the title of Pelham in the premises. Nil habuit in tenementis would not have been 1 good plea to an action of covenant or debt founded upon the inlenture ;(3) and here was no eviction, but a bare entry upon Pelham himself, who refused to surrender possession ; but continued to occupy, until he made the lease to the plaintiffs. They, therefore, acted wisely in paying the arrears of rent, when demanded of them according to their covenants ; and the defendant, having accepted an assignment containing a stipulation to pay what the plaintiffs were obliged, by 'their covenants in the indenture, to pay, must be considered in law to have promised to reimburse and indemnify the plaintiffs ; no obligation or written contract having been given to that effect at the time ; according.to the case of Goodwin & al. vs. Gilbert & al.,(4) which was cited in the argument.
We think, therefore, that the verdict is well supported by the evidence in the case, and that judgment must be entered accordingly.

Judgment on the verdict.

 2 Saund. 303, note 3.-4 D. & E. 98 —1 B. & P. 21.

 The lessor and lessee are bound to one another in respect of the covenants in law, and the duties prescribed by law as incidents to the relation of landlord and tenant, by privity of estate, and in respect of conditions and covenants in deeds by privity of contract. Privity of estate exists no longer than the relation of landlord and tenant; and. therefore, if the lessee part with his estate to a stranger with the concurrence of his lessor, the pHvity of estate is destroyed, and his liability thereupon ceases (Walker's case, 3 Rep. 246. — Marsh vs. Brace, 2 Buls. 151 —Cr. Jac. 334. — Brett vs. Cumberland Cro. Jac. 523. — Anon., 1 Sid 447. — Thursby vs. Plant, 1 Saund. 840, n. (5). —Ashurst vs. Mingay, Show. 134); though he cannot put an end to the privity of estate without such concurrence. Wadham vs. Marlow, 8 East, 316, n —Auriol vs. Mills, 4 D. E. 98. But it is otherwise in respect to the lessee’s liability upon the privity of contract. For, when he has entered into an express agreement, he is so completely bound thereby, that no assignment, either of part or the whole of the estate, can exonerate him, even though the lessor assent to the assignment and re ceive rent of the assignee. Rushdew's case, Dyer, 46. — Broome vs. Hore, Cro Eliz. 633. — Matines vs. Westwood, ib. 617. — Ards vs. Walkin, ib. 637. — Barnard vs. Godcall, Cro. Jac 308. — Brett vs. Cumberland, lb. 552.—Norton vs. Achlane. Cro. Car. 580 —Bachelour vs. Gage, ib. 188 —Ashurst vs. Minot, Show 134. — Parker vs. Webb, 3 Salk. 5 — Wadham vs. Marlow, 8 East, 314, n.— Buckland vs. Hall, 8 Ves. 95. — Staines vs. Morris, 1 Ves. & Bea. 11. Neither his own act nor the act of the law will release the lessee from his covenants. Hornby vs. Houlditch, Andrews. 40. — 1 D. & E. 92. — Auriol vs. Mills, 4 D. & E. 99.

 Liford case, 11 Co. 51.

 As to the doctrine in Liford’s case alluded to, see Emerson vs. Thomson & al., 2 Pick. 473.— Taylor vs. Townsend, 8 Mass. Rep. 415. — Cox vs. Callender, 9 Mass Rep 533.

 Lev. 146.

 9 Mass Rep. 510.