The opinion of the Court was delivered at the following April term by
Putnam, J.
By the agreement of the parties judgment is to be rendered for the plaintiff, if, upon the facts stated, he is by law entitled to recover for the rents which he claims. With regard to this action of assumpsit, to enable the plaintiff to recover, there must be evidence of a contract or undertaking of the defendant, either express or implied. An express promise is not suggested; and the facts negative a promise by implication of law. During the time that the defendant was in possession, he was claiming the estate, either as owner in virtue of the conveyance from the bank to him, or as the tenant of the bank. [ * 302 ] * The title of the bank has proved defective; because it did not appear by whom the appraisers, who appraised the land upon the execution of the bank against the present plaintiff, were chosen. But the discovery of that defect created no privity of contract between the plaintiff and the defendant. In point of fact, the plaintiff had no concern whatever with the defendant. It was the bank, which interfered with the defendant’s estate; and the plaintiff may have a remedy against the bank, upon the principles recognized in the case of Cummings vs. Noyes, 10 Mass. Rep. 436. We are satisfied that the defendant is not liable in assumpsit.
But if the action were trespass, there is a difficulty in the plaintiff’s way, which is insurmountable. The bank obtained seisin and possession of the estate wrongfully. The plaintiff might have declared against them as disseisors ; he might have reentered upon them. But whatever remedies he might have had, it is certain he was turned out, and the bank were put in or took the actual possession.
*243 Now a disseisee cannot maintain trespass for a wrong done after the disseisin, and before a reentry; for the freehold is in the disseisor all the time after the disseisin; excepting in cases where the estate of the disseisee shall have determined, so that he could not reenter; as where he was a tenant for years, and his term expired, or was tenant per outer vie, and the cestui qui vive died. But no such impediment existed in the case at bar.
From all which seems it to the Court clearly that the plaintiff cannot recover. Not in assumpsit, for want of privity of contract; and not in trespass, because he was ousted from the possession (1).

Plaintiff nonsuit.

 [Vide Cummings & Ux. vs. Noyes, 10 Mass. 433.—Fletcher & Al. vs. M'Farlane, 12 Mass. 43.—Fitchburg C. M. Corp. vs. Melven Al., 15 Mass. 268; and see the cases cited in the notes to the cases.—Ed.]