# CASES

# SUPREME COURT OF ILLINOIS.

```
 53    19
120   519
120   521
 53    19
125    23
 53    19
195   ²269
```

## THIRD GRAND DIVISION.

### SEPTEMBER TERM, 1869.

---

ALBERT J. ROCKWELL

*v.*

CHARLES BALDWIN *et al.*

1. BOUNDARIES—*upon water courses.* The proprietor of land situated on a river or stream of water not navigable, is presumed to own to the centre thread of the stream.

2. This is, however, but a presumption, for one man may own the bed of such stream and another may own the banks, and where, in a deed conveying land, the boundary is limited to the bank of the stream, instead of bounding it on or along the stream, the presumption must fail.

3. So, where the boundaries in a deed for a tract of land situated on a stream, were "to the west side of Cedar creek, thence down the west line of said creek to the north line of said quarter section," &c., it was *held,* the boundary line on the creek was the bank of the stream, and excluded the stream itself.

APPEAL from the Circuit Court of Warren county ; the Hon. CHARLES TURNER, Judge, presiding.

In this case, the question presented is, whether the boundaries of land situated on a stream of water not navigable, extended to the centre thread of the stream or was limited to its bank. The boundary was as follows : " Commencing at the S. E. corner of the lot deeded by A. J. and Alfred H. Rockwell, to Mary E. Rockwell, of date February 4, 1862, thence east along the line of the public road leading along the south line of said lot, down the hill to the west side of Cedar creek, thence down the west line of said creek to the north line of said quarter section, thence west on north line of said quarter to the N. E. corner of said first described lot, thence south along the east line of said lot to the place of beginning."

Messrs. STEWART & KIRKPATRICKS, for the appellant.

The land on both sides of the creek originally belonged to Lovet P. Rockwell, the ancestor of complainant ; and in 1864 the other heirs-at-law of L. P. Rockwell conveyed this tract to complainant, making its boundary along and down the west line of said Cedar creek. The law construes the boundary in such a case to extend to the thread of the stream in the main channel of said creek (it being not navigable). See Angell on Water Courses, pages 9, 35, 36 and 37 ; also *Canal Trustees* v. *Haven*, 5 Gilman, pages 548 to 554 ; *Middleton* v. *Pritchard et al.* 3 Scammon, 510, etc. ; *Ex parte Jennings*, 6 Cowen, 537, chap. 3 of note ; Kent's Commentaries, vol. 3, 427 and 430 ; 6 Cowen, note chap. 1 ; *Ingraham et al.* v. *Wilkinson et al.* 4 Pickering, 268 ; 5 Harris and Johns. 195 ; *King* v. *King*, 7 Mass. 495 ; *Gavit* v. *Chambers*, 3 Ohio, 495 ; *Canal Commissioners and Officers* v. *The People*, 5 Wend. 423.

" All alluvions made by gradual movement of the stream belong to the riparian proprietor, both by the common and

civil law, and by the decisions of our courts." Cooper's Justinian, 74; *Ex parte Jennings*, 6 Cowen, 518, note and authors referred to; *Middleton* v. *Pritchard et al.* 3 Scam. 519 to 522.

Mr. JOHN PORTER and Mr. JAMES STRAIN, for the appellees, contended the boundary was limited to the bank of the stream, excluding from the grant the stream itself.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the equity side of the circuit court of Warren county. The bill was for an injunction, to restrain defendants, appellees here, from cutting a ditch or race from their mill to carry off the water from the wheel, on the allegation that the same was about to be cut on complainant's land, and would work irreparable injury to him.

The defendants answered the bill, denying the race was to be cut on complainant's land, and claiming ownership of the land in themselves, and also claiming certain privileges in the land of complainant, granted to A. H. Rockwell, one of the defendants, by the deed of complainant.

The cause was heard on the bill, answer, replication and proofs, and a decree passed, dissolving the injunction and dismissing the bill, and this is the error assigned.

The important point made on this appeal is, that the land through which the ditch was cut was the property of complainant; that his east line was the centre thread of Cedar creek, and the ditch was cut in the middle of the creek, and through an island below the mill.

It appears the complainant and A. H. Rockwell, one of the defendants, are brothers, being the sons of Lovet P. Rockwell, deceased, who, in his life time, was the owner of several tracts of land, and among them the tract in question. A partition of the lands was made by the heirs after his death, effected by deeds of conveyance executed by them. On the

22 ROCKWELL *v.* BALDWIN *et al.* [Sept. T.,

Opinion of the Court.

tract conveyed by complainant, as one of the heirs-at-law of his father, to A. H. Rockwell, defendant, there was a water mill, and a clause was inserted in the conveyance, to this effect: "giving to the party of the second part the right and title to all the mill privileges on said quarter," &c.; and in the deed from A. H. Rockwell to complainant, the tract of land about which this proceeding originated, is described as follows: "Commencing at the southeast corner of the lot deeded by A. J. and Alfred H. Rockwell to Mary E. Rockwell, of date February 4, 1862, thence east along the line of the public road leading along the south line of said lot, down the hill to the west side of Cedar creek, thence down the west line of said creek to the north line of said quarter section, thence west on the north line of said quarter to the northeast corner of said first described lot, thence south along the east line of said lot to the place of beginning."

It is claimed by appellant, that, by these courses and this description, his east line was the middle thread of Cedar creek.

It is a familiar principle, that the proprietor of land situated on a river or stream of water not navigable, is presumed to own to the centre thread of the stream. It is, however, but a presumption, for one man may own the bed of such a stream and another may own the banks, and where, in a deed conveying land, the boundary is limited to the bank of the stream instead of bounding it on or along the stream, the presumption must fail. The party must be controlled by the terms of his deed.

As was said by PARKER, chief justice, in *Hatch* v. *Dwight*, 17 Mass. 298, where land was bounded by the bank of a stream, it necessarily excluded the stream itself, and an owner may sell the land without the privilege of the stream, as he will do if he bounds his grant by the bank. This case was approved by the court of errors of the State of New York, and the case of *Child* v. *Starr*, decided in conformity thereto. 4 Hill, 369. We concur in the reasoning and conclusion

reached in those cases, and, in doing so, only reiterate a familiar principle, that every express grant, as this was, fixes its own limits, and determines the rights of the parties under it. And in this case, there are forcible reasons why no portion of the bed of the creek was intended to be included in the grant to complainant, for the reason that on the land he granted to the defendant, Rockwell, a mill was erected, which might require the exclusive use of the bed of the creek, and it is not reasonable to suppose that he would grant away its use without express words, showing such intention. The success of the mill depended very much on the free and uninterrupted flow of the water below the dam, and to insure that, it was essential the bed of the stream should be his own, exclusively, and which he has retained by limiting his grant to complainant to the west bank of the creek.

This being the situation of these parties, the defendant, Rockwell, being the owner of the bed of the stream, had the right to cut a race or ditch through it, to carry off the surplus water from the mill, and, in so doing, he has not encroached upon any right existing in complainant. The excavation made is east of complainant's east line, and the clear preponderance of the evidence shows that, in no particular is complainant injured by it, while it is shown, most conclusively, that the ditch was necessary for the preservation of the mill and its privileges. We have chosen to consider the case on its merits, as they were all before the court in pronouncing the decree, and not upon the subordinate points presented by the briefs of counsel.

We concur with the circuit court in the opinion dissolving the injunction and dismissing the bill, no invasion of the rights of complainant appearing, and no injury resulting to him from the acts of the defendants, of which he can complain.

The decree of the circuit court is affirmed.

*Decree affirmed.*