## PROVIDENCE CHRISTIAN UNION vs. GEORGE C. ELIOTT.

A. conveyed to B. certain realty by a deed poll in which specified rents were reserved for periods of time described. B. entered under the deed.

*Held,* that by his entry B. contracted to pay the rents as reserved.

*Held,* further, that B.'s contract being an implication of law was not within the statute of frauds.

*Held,* further, that A. could maintain *assumpsit* against B. for the rent due and unpaid.

*Held,* further, that by his entry B. adopted the conditions of A.'s deed, and could not terminate his holding by vacating the premises without the consent of A.

EXCEPTIONS to the Court of Common Pleas.

*July* 3, 1880.   DURFEE, C. J.   This action is *assumpsit* to recover the rent for two quarters of certain premises demised by the plaintiff to the defendant for a term of ten years by deed

under seal, wherein rent was reserved, payable quarterly, at the rate of five hundred dollars per annum for the first two years, six hundred for the next three, and one thousand for the remaining five years.   The lease was drawn in the form of an indenture, and, having been executed by the plaintiff as lessor, was delivered to the defendant as lessee, who, without having executed it or any counterpart, entered on the demised premises under it and paid the rent reserved for five years.   The defendant then vacated the premises, claiming that his term under the lease, which was lost or not producible, had expired, and sent the keys to the plaintiff, who however declined to receive them.   The case came on for trial in the Court of Common Pleas, and the defendant, among other defences, set up the statute of frauds, contending that the action was not maintainable because the contract for rent had never been signed by him and was not to be performed within a year, and because, having vacated the premises and tendered the keys, no action would lie for use and occupation. He requested the court to instruct the jury accordingly.   The court refused to do so, but did instruct the jury that if the defendant entered into possession under the lease and paid the rent reserved in it he would be bound by it and could be charged in this action.   The defendant excepted.   The jury returned a verdict for the plaintiff, whereon a judgment was rendered in his favor.   The question is whether the court below committed any error in refusing to charge or in charging as stated.

We do not think any error was committed.   The contract to pay the rent reserved was not an express contract on the part of the defendant, but an implied contract, or a contract raised by law from the nature of the transaction, and it has been repeatedly held that such contracts are not within the statute of frauds. *Goodwin* v. *Gilbert*, 9 Mass. 510 ; *Fletcher* v. *McFarlane*, 12 Mass. 43; *Felch* v. *Taylor*, 13 Pick. 133 ; *Pike* v. *Brown*, 7 Cush. 133 ; *Kabley* v. *Worcester Gas Light Company*, 102 Mass. 392; *Sage* v. *Wilcox*, 6 Conn. 81 ; *Allen* v. *Pryor*, 3 A. K. Marsh. 305; Browne on Statute of Frauds, § 166.   In *Goodwin* v. *Gilbert* the doctrine is broadly laid down, that, where land is conveyed by deed poll and the grantee enters under the deed, certain duties being reserved to be performed, as no action lies against the

grantee on the deed, the grantor may maintain *assumpsit* for the non-performance of the duties reserved, and the promise being raised by the law is not within the statute of frauds. In *Pike* v. *Brown*, Chief Justice Shaw, in delivering the opinion of the court, instances the case of rent reserved in a lease by deed poll as a signal and familiar illustration of the doctrine. And that occupation under the lease is not indispensable to the recovery, if only the lease has been accepted, was distinctly decided in *Kabley* v. *Worcester Gas Light Company*, in a case in which the lessees never occupied at all. "It is enough," say the court, "that they accepted the conveyance which gave them the right of immediate and exclusive occupation. The law would imply from such acceptance a promise to comply with the terms of the lease, and such a promise is not within the statute of frauds." The reason is, the estate vests the moment the lease is accepted, and the lessee in taking the estate takes it *cum onere*, and accordingly must pay the rent so long at least as he holds it. We are not aware that these decisions have ever been either questioned or controverted, except by a dissenting opinion in *Allen* v. *Pryor*. We decide, therefore, that the exceptions must be overruled, and the judgment of the court below affirmed with costs of this court.

*B. N. & S. S. Lapham*, for plaintiff.
*Tillinghast & Ely*, for defendant.