JOSEPH W. HELMER

*v.*

EDWARD H. CASTLE.

*Filed at Ottawa May 19, 1884.*

1. DESCRIPTION—BOUNDARY—*conveyance of land bordering on a high-way or river—whether the grant goes to the center or only to the margin of the highway or river.* The canal trustees being the owners of the east half of the south-east quarter of section 11, etc., across which was a public high-way, (afterward a street,) running in an easterly and westerly direction, had the tract divided by a surveyor into two separate parcels, one lying north of and extending south to the center of such road, containing forty-one acres, and the other lying south of and extending north to the center of the road, containing thirty-nine acres; and when they afterward sold the south thirty-nine acres, they described it as the "east half of the south-east quarter, south of road, of section 11," etc., "containing thirty-nine acres:" *Held,* that the words in the deed, "south of the road," meant the tract on the south side of the road extending north to the center line of the road, or all the land in the east half of such quarter lying south of the center line of the road.

2. So where the owner of the part of the tract lying south of the center line of the road conveyed a part therein, described as follows: "Commencing at the north-east corner of that part of section 11 * * * south of the road there running, thence running westerly along the line of said road 141 6-10 feet; thence southerly 619 4-10 feet; thence easterly 139 9-10 feet to the east line of said section; thence northerly along said line 616 1-10 feet to the place of beginning, containing two acres, more or less," it was *held,* that the words, "south of the road there running," referred to the part of

the tract and not to the location of the corner, and that it was intended by the words used to mean the part of the tract on the south side of the road extending north to the center line of the road, making the starting point fall on the center line of the road; and this is corroborated by the succeeding words, "thence running westerly along the *line* of said road," which clearly means the center line of the road, for a road has no other line.

3. A grant of land bordering on a highway or river carries the exclusive right and title in the highway or river to the center thereof, subject to the public easement, unless the terms of the grant clearly indicate an intention on the part of the grantor to confine the grantee to the edge or margin. In such case *the highway or river is regarded as the boundary or monument, and the purchaser takes to the middle of the monument as part and parcel of the grant.*

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an action of ejectment, by appellee, against appellant, for the south 38 feet of the north 45 feet of lots 41, 42, 43, and the east $15\frac{45}{100}$ feet of lot 44, of the subdivision of blocks 9, 10, 12, 13, 14, and parts of blocks 11, 15 and 16, in Castle's subdivision of the east fifteen acres of the east half of the south-east quarter of section 11, township 39, range 13, east of the third principal meridian, lying south of Lake street, in the city of Chicago. The cause was tried by the court, without the intervention of a jury, and judgment was rendered for the plaintiff for the land above described.

The plaintiff, upon the trial, offered in evidence two stipulations, as follows:

"It is hereby stipulated that defendant took possession of the premises described in the declaration, during the year 1882, and before the commencement of this suit; that if the north boundary line of the premises described in a deed dated January 24, 1860, from Philander Hickox and wife to Martha J. Park, and recorded in the recorder's office of Cook county on the 28th day of January, 1860, in book 189 of deeds, page 31, is the center line of Lake street, (Lake street being the street referred to in said description as a road,) then the

premises described in said deed do not include the premises described in the declaration in this case; but if the south line of Lake street is the north boundary line of the premises described in said deed, then the premises described in the declaration are included in the premises described in and purported to be conveyed by said deed to Martha J. Park; and it is further admitted that section 11, town 39 north, range 13, was not in the city of Chicago in the year 1860, and was unsubdivided at that date; and it is further stipulated that the above entitled cause shall be tried before Judge ANTHONY, without a jury, upon the documentary evidence only, and stipulations signed by the parties or their attorneys. This stipulation relates only to one trial of the cause, and not to bind the parties at any future trial in the Superior Court.

JOHN P. WILSON, *Atty. for Deft.*
JAMES FRAKE, *Atty. for Plff.*"

"It is hereby admitted by and between the parties, that A. F. Bradley will testify that when he was county surveyor he surveyed and laid out and located a public highway, now known as Lake street, and where Lake street is now located, across the east half of the south-east quarter of section 11, township 39 north, range 13, east of the third principal meridian, prior to 1843, and that previous to the sale of the east half of the south-east quarter by the trustees of the Illinois and Michigan Canal, he surveyed the said east half for the said trustees, in two parcels,—one parcel lying north of and extending south to the center of the said road, and consisted of forty-one acres, and the other parcel lying south of and extending north to the center of said road, and consisted of thirty-nine acres.

JAMES FRAKE, *Atty. for Plff.*
JOSEPH E. BARKER, *Atty. for Deft.*"

*Second*—The defendant admitted in open court that the trustees of the Illinois and Michigan Canal had title to the

whole east half of the south-east quarter of section 11, township 39 north, range 13, east of the third principal meridian, and that the said trustees, when conveying that portion of the said east half in which the premises in question are located, used this language in describing the property conveyed: "East half of the south-east quarter, south of road, of section number 11, in township 39 north, range 13, east of the third principal meridian, containing thirty-nine acres," and that all subsequent grantors of said premises, when conveying same, used the same language, down to Philander Hickox.

*Third*—Affidavit showing common source of title from Philander Hickox.

*Fourth*—A deed from Philander Hickox and wife to B. W. Ellis, dated March 17, 1869, conveying all of the east twenty acres of that part of the south-east quarter of section 11 which lies south of the road, being in township 39 north, of range 13, east of the third principal meridian, in the county of Cook, and State of Illinois, excepting two acres heretofore deeded by the parties of the first part to Martha J. Park, in the north-east corner of the above described tract. A deed from B. W. Ellis and wife to Charles W. Castle, dated June 6, 1873, conveying the east fifteen acres of the east twenty acres of the south-east quarter of section 11 which lies south of the road, in township 39 north, range 13, east of the third principal meridian, being in the city of Chicago, county of Cook, and State of Illinois. Plat of Castle's subdivision, and plat of subdivision of blocks in Castle's subdivision. A deed from Charles W. Castle and wife to Edward H. Castle, dated October 29, 1879, conveying lots numbered 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45, in the subdivision of blocks 9, 10, 12, 13, 14, and parts of blocks 11, 15 and 16, in Castle's subdivision of the east fifteen acres of the east half of the south-east quarter of section 11, township 39 north, range 13, east of the third principal meridian, lying south of Lake street, in the city of Chicago.

Whereupon the plaintiff rested his case, and the defendant, to maintain the issues upon his part, offered the following evidence: A deed from Philander Hickox and wife to Martha J. Park, conveying the following premises:. Commencing at the north-east corner of that part of section 11, township 39 north, range 13, east of the third principal meridian, south of the road there running; thence running westerly along the line of said road $141\frac{6}{10}$ feet; thence southerly $619\frac{4}{10}$ feet; thence easterly $139\frac{9}{10}$ feet to the east line of said section; thence northerly along said line $616\frac{1}{10}$ feet to the place of beginning, containing two acres, more or less. Articles of agreement between Martha J. Park and Charles D. Helmer, to which agreement plaintiff's attorney objected. Objection overruled, and exceptions by plaintiff. Said agreement conveyed property as follows: Two acres of the south-east quarter of section 11, township 39, range 13 east, in the city of Chicago, bounded as follows: Commencing at the east line of said section 11, on the south line of Lake street; thence running west $141\frac{6}{10}$ feet on said street; thence south $619\frac{4}{10}$ feet; thence east $139\frac{9}{10}$ feet to east line of said section; thence north $616\frac{1}{10}$ feet to beginning, containing two acres, more or less. A deed from Martha J. Park and husband to Charles D. Helmer, conveying property as follows: Commencing at the north-east corner of that part of section 11, township 39, range 13, east of the third principal meridian, south of the road there running; thence running westerly along the line of said road $141\frac{6}{10}$ feet; thence southerly $619\frac{4}{10}$ feet; thence easterly $139\frac{9}{10}$ feet to the east line of said section; thence northerly along said line $616\frac{1}{10}$ feet to the place of beginning, containing two acres, more or less. A deed from Charles D. Helmer and wife to J. S. Helmer, dated June 25, 1878, conveying same tract of land, except certain lots not now in question, conveyed to Edward H. Castle, by deed dated September 18.

The errors assigned bring in review the rulings of the court in rendering judgment for the plaintiff.

Messrs. J. P. & T. R. WILSON, for the appellant:

It seems evident that a part of section 11 lies north of Lake street, and a part lies south of Lake street, and a third part lies in Lake street. The parcel of land which is included within the limits of Lake street can not correctly be said to lie either north or south of Lake street. In the case of lots upon a plat not acknowledged in accordance with the statute, the grantee of a lot takes to the center of the street, and yet the conveyance of the north or south forty feet of such a lot is always construed as conveying forty feet of the lot, exclusive of the street. *Pettibone* v. *Hamilton,* 40 Wis. 402; *Oxten* v. *Graves,* 68 Maine, 371.

It is entirely competent for parties to bound their premises upon the side of a street, if the description is an apt one for that purpose. *Rockwell* v. *Baldwin,* 53 Ill. 19; *City of Chicago* v. *Rumsey,* 87 id. 348.

Mr. JAMES FRAKE, for the appellee:

We maintain that there can be no doubt that Philander Hickox owned to the center line of the road which crossed the said east half, for each of the conveyances, under the expression, "south of the road," conveyed the fee to the center line of the road. *Johnson* v. *Anderson,* 14 Maine, 76; *Mott et al.* v. *Mott et al.* 68 N. Y. 253; *Cox* v. *Friedley,* 33 Pa. 124; *Marrow* v. *Willard,* 30 Vt. 118; *White* v. *Godfrey,* 97 Mass. 472; *Oxten* v. *Graves,* 68 Maine, 371; *Salter* v. *Jonas et al.* 39 N. J. 469; *Moody* v. *Palmer,* 50 Cal. 31; *Cox* v. *L., N. A. and C. R. R. Co.* 48 Ind. 178; *Kimball* v. *City of Kenosha,* 4 Wis. 331; *City of Boston* v. *Richardson,* 13 Allen, 146; 3 Washburn on Real Property, page 420, sec. 51; *Canal Trustees* v. *Havens et al.* 11 Ill. 557.

This case is to be decided upon law applicable in conveyances of unsubdivided lands, which the land was at the time the deed to Mrs. Park was made. The fee to the center of all roads belonged to the owners of the abutting lands, and is conveyed by the deed as parcel of the land, and not as appurtenant. *Waugh* v. *Leech*, 28 Ill. 488; *City of Chicago* v. *Rumsey*, 87 id. 351.

Mr. Justice Scholfield delivered the opinion of the Court:

The sole question in this case, as stated by counsel for appellant in their argument, relates to the location of the north boundary line of the premises conveyed by the deed from Hickox to Martha J. Park. If the south line of Lake street is the north line of the premises conveyed by the deed to Martha J. Park, then the premises in controversy are owned by the grantee of Martha J. Park, and the judgment should be reversed. If the center line of Lake street is the north boundary line of the premises conveyed by the deed to Martha J. Park, then appellee is the owner of the premises in controversy, and the judgment below should be affirmed. The description in the deed of Hickox to Martha J. Park is as follows: "Commencing at the north-east corner of that part of section 11, township 39 north, range 13, east of the third principal meridian, south of the road there running; thence running westerly along the line of said road 141 $\frac{6}{10}$ feet; thence southerly 619 $\frac{4}{10}$ feet; thence easterly 139 $\frac{9}{10}$ feet to the east line of said section; thence northerly along said line 616 $\frac{1}{10}$ feet to the place of beginning, containing two acres, more or less." The only difficulty is, of course, in locating the starting point.

At the time this deed was executed, the land it conveyed was not within the limits of the city, and what is now Lake street, was then, at this point, only a common highway. Moreover, the title to the whole of the east half of the south-east quarter of section 11, township 39 north, range 13, east

of the third principal meridian, was originally in the trustees of the Illinois and Michigan Canal, and before they conveyed the same they had the tract divided by a surveyor into two separate parcels, one lying north of and extending south to the center of said road, containing forty-one acres, and the other lying south of and extending north to the center of said road, containing thirty-nine acres; and when they subsequently conveyed the parcel in which the premises now in controversy lie, they described it thus: "East half of the south-east quarter, south of road, of section 11, in township 39 north, range 13, east of the third principal meridian, containing thirty-nine acres." All subsequent grantors of said premises, down to Philander Hickox, when conveying the parcel, used the same language. We think it reasonably certain, the tract being divided into two parts only, one north and the other south of the road, and each extending to the center line of the road, that the words, here, "south of the road," mean the tract on the south side of the road extending north to the center line of the road. The identity is exact in quantity,—thirty-nine acres,—and on a question of this kind that must have an important bearing.

Assuming it, then, to be sufficiently established that Philander Hickox took the part on the south side of the road extending north to the center line of the road, what is there here, in proof, showing that he designed to reserve to himself the ownership of the fee in the south half of the road? We are unable to discover a particle of proof of such intention. It is not shown that he retained the ownership in any adjacent soil to which this would be of value if attached, or to the use of which it could be made beneficial on ceasing to be used for a highway. It is obvious, on account of its peculiar shape and small size, that it could be of no practical value by itself; and there is nothing in the language of the deed necessarily repugnant to the idea that the intention was to convey to the center line of the road. The words,

"south of the road there running," refer to the part of the tract, and not to the location of the corner. And when it is borne in mind that the tract had been divided into two parts,—one north and the other south of the center of the road,—and that the south part had for a series of years been so conveyed, it is most reasonable to suppose it was intended by these words to mean the part of the tract on the south side of the road extending north to the center line of the road. Then the north-east corner, the starting point, must fall on the center line of the road. This is strongly corroborated, also, by the succeeding phraseology in the description, "thence running westerly along the line of said road," etc., which would seem to clearly mean center line of the road, for there is no other line of the road. The sides of the road are quite different, and if the south side of the road had been intended, it is fair to presume the language would have been to that effect.

In *Canal Trustees* v. *Havens,* 11 Ill. 557, this court declared the law applicable to such cases thus: "By the common law, a grant of land bordering on a highway or river carried the exclusive right and title in the highway or river to the center thereof, subject to the right of passage in the public, unless the terms of the grant clearly indicate an intention on the part of the grantor to confine the grantee to the edge or margin. In such case the highway or river is regarded as the boundary or monument, and the purchaser takes to the middle of the monument as part and parcel of the grant." This has been approved and followed in *Gebhardt* v. *Reeves,* 75 Ill. 307, *Rockwell* v. *Baldwin et al.* 53 id. 19, *Chicago* v. *Rumsey,* 87 id. 351, and *Piper* v. *Connelly et al.* 108 id. 646.

This presumption not being overcome by anything in the evidence here, it must prevail. We must hold the intent was to make the center, and not the south side of the road, the north boundary of the lot conveyed by Hickox to Park, and so holding, the judgment must be affirmed.

*Judgment affirmed.*