WILLIAM HOLLENBECK *et al.* Appellees, *vs.* GEORGE HOLLENBECK *et al.* Appellants.

*Opinion filed February 20, 1908.*

1. DEEDS—*when deed will be deemed to have conveyed entire interest of grantor.* A deed from one co-tenant to another, conveying an undivided one-third of the premises although the grantor owned only an undivided one-fifth, will be regarded as conveying the grantor's entire interest, where such was the construction that was placed upon the deed by the parties, the grantee holding possession of the land for over twenty years without any claim being made by the grantor that he had an interest in the land.

2. SAME—*when the grantor may repudiate agreement to convey.* Where part of the purchase price of a co-tenant's interest in land remains unpaid at the grantee's death, and the deed, though intended to convey the grantor's entire interest, does not, in fact, do so, if the heirs of the grantee refuse to accept the grantor's offer to make a deed to them conveying his entire interest provided they will pay him the balance due, he may repudiate his agreement in so far as it is not executed and recover his interest in the land when the heirs seek partition without regard to such interest.

APPEAL from the Circuit Court of Grundy county; the Hon. S. C. STOUGH, Judge, presiding.

CORNELIUS REARDON, for appellants.

C. F. HANSON, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

Abram Hollenbeck died intestate on October 10, 1854, leaving him surviving Jane A. Hollenbeck, his widow, and George, William, Albert, Reuben and James Hollenbeck, his sons and sole heirs-at-law, seized in fee simple of the east half of the north-east quarter of section 18, township 32, range 6, Grundy county, Illinois. Jane A. Hollenbeck married William H. Curtis in 1861 and died in 1891. The family remained in possession of said premises until some time after the mother married Curtis, when she left the farm, and William Hollenbeck, who was a cripple, married and commenced to acquire the title to the farm by purchase from his mother and brothers. His mother and step-father quit-claimed to him his mother's interest in the farm, and Reuben and James each made him a quit-claim deed to all their interest in the undivided one-third of said eighty-acre tract, and Albert and George joined in a quit-claim deed to him of all their interest in the undivided one-third of said eighty-acre tract. Each of the brothers, at the time said deeds were executed and delivered, received in cash or its equivalent from William the sum of $300, and William agreed to pay George and Albert each the sum of $100 in addition to the $300, upon the death of their mother. William died intestate in 1890, leaving his widow, Mary Hollenbeck, and nine children, Charles, William, Frank, George, Eliza J., Estella, Laura, Mary and Louisa, him surviving, who remained in possession of said premises until 1905, when the mother, Mary Hollenbeck, died. Shortly after the death of their mother this partition suit was commenced by the heirs of William Hollenbeck, to divide said eighty-acre tract among themselves, as the heirs-at-law of William Hollenbeck, deceased. Albert Hollenbeck had made a quit-claim deed to the heirs of his brother

232—25

William, subsequent to William's death, of all his interest in said eighty-acre tract, and he is not a party to this suit. The other brothers of William, viz., George, Reuben and James Hollenbeck, were made parties defendant. They answered, and replications having been filed, the case was referred to the master to take the proofs and report his conclusions. The master filed a report, in which he found that William Hollenbeck died seized of said eighty-acre tract in fee simple, subject to the lien thereon of $100 in favor of George Hollenbeck, and interest thereon at the legal rate from the date of the death of Jane A. Curtis. The court sustained exceptions to said report, and entered a decree in which it was held that each of the nine children of William Hollenbeck, deceased, was seized, by descent from his father, in fee simple, of the undivided one-ninth part of the undivided twenty-nine thirtieths of said eighty-acre tract, and George Hollenbeck was seized of the undivided one-thirtieth part of said eighty-acre tract by descent from his father, Abram Hollenbeck, deceased, and appointed commissioners to divide said premises between said owners upon the basis of the finding contained in said decree, if said premises were susceptible of division. George, Reuben and James Hollenbeck have prosecuted an appeal to this court, and errors and cross-errors have been assigned.

It appears from the evidence that said eighty-acre tract was worth about $2000 in 1869, and that the interest of each of the sons of Abram Hollenbeck therein, subject to their mother's dower and homestead rights, was then of the value of about $400; that William Hollenbeck purchased the interest of Reuben and James therein for $300 each, and that each executed and delivered to him a deed for his interest in and to the undivided one-third part of said eighty-acre tract; that he also purchased the interest of George and Albert therein for the sum of $800, and paid each of them $300 in cash or its equivalent, and agreed to pay each of them $100 more upon the death of their mother. In pre-

paring the deed from George and Albert to William Hollenbeck, it is claimed the description of the premises was copied from one of the deeds which William had received from Reuben and James, wherein the premises were described as the undivided one-third part of said eighty-acre tract, the effect of which was that George and Albert conveyed to William only the undivided one-third of the said premises instead of the undivided two-fifths of said premises, which left the fee title to the undivided one-thirtieth part of said premises in each of the brothers George and Albert. Albert subsequently conveyed to William's heirs all his interest in said eighty-acre tract, but George never conveyed the one-thirtieth interest therein which remained in him after the execution of the deed by George and Albert, to William.

We have no doubt from what we find in this record, that William Hollenbeck and his brothers all understood that William had purchased all of the interest of his said brothers in said eighty-acre tract, and that the only claims that any of them had against said land at the time of William's death were the claims of George and Albert, each for $100 and interest, which William had agreed to pay them at the date of the death of his mother, which claim of Albert was released to the heirs of William by quit-claim deed, which was the finding of the master. About the time this suit was commenced George offered to convey all his interest in said premises to the heirs of William Hollenbeck, deceased, if they would pay him $100 and legal interest from the date of his mother's death. This the heirs declined to do, whereupon he declared to them his intention to forfeit his contract to convey, except in so far as it had been executed, and sought in this suit to recover his interest in the land rather than to recover the balance of said purchase money, and the decree of the circuit court seems to have been based upon the theory that George had the right so to do. The agreement between William, George and Al-

bert was in writing, and the heirs of William Hollenbeck, deceased, had the undoubted right to pay to George Hollenbeck the amount still due him and to require him to convey to them all his interest in said eighty-acre tract. They, however, declined to do this, but claimed title to the entire tract, as against him. We are unable to say the action of the circuit court in decreeing that George Hollenbeck was the owner of the undivided one-thirtieth part of said eighty-acre tract, under the circumstances disclosed by the evidence, was illegal or inequitable, and think, therefore, the cross-errors which challenge the correctness of the decree in that particular should not be sustained.

We also are of the opinion that the deeds made by Reuben and James Hollenbeck to William divested them of all their interest in said eighty-acre tract. The deed to the undivided one-third of said premises, although greater than the interest which they each owned, which was the undivided one-fifth part of said eighty-acre tract of land, conveyed to William all their interest in said premises. William Hollenbeck and his heirs had been in possession of said premises for more than twenty-five years prior to the commencement of this suit, and during that time neither Reuben nor James claimed to have any interest in the said premises. Clearly, therefore, by the action of the parties a construction was placed upon said deeds which showed it was the intention of Reuben and James to convey to William all their interest in said premises, and when parties have placed a construction upon a deed and there is doubt as to its meaning, the construction the parties have placed upon it will be deemed to have been the correct one. (*Glos* v. *Holmes,* 228 Ill. 436.) The heirs of William Hollenbeck, deceased, were therefore properly held to be seized of all of said premises in fee simple, other than the one-thirtieth part thereof held to belong to George Hollenbeck.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*