The Town of Cicero, Appellee, *vs.* The Chicago, Burlington and Quincy Railroad Company, Appellant.

*Opinion filed December 22, 1915.*

1. Special assessments—*it is essential that the land assessed be sufficiently described.* It is essential to the validity of a special assessment that the land assessed be so described that it can be located by a competent surveyor, otherwise a judgment against the land is a nullity.

2. Same—*what is meant by a description of land is a question for the court.* What is meant by a description of land is to be determined by the court from a construction of the language used, while actual location of the property is a question for the surveyor.

3. Same—*when description of land assessed is insufficient.* A description of land specially assessed for a sewer as "that part N. of C., B. & Q. R. R. in S. W. ¼ S. 28, T. 39, R. 13," is too ambiguous to support a judgment, where the name of the owner is given as "C., B. & Q. R. R. Co.," showing it was intended to assess property of the railroad company and not property of some other owner north of the railroad.

4. Real property—*general rule where land is described by a monument.* Generally, where land is described by a monument, such as a highway or river, the description goes to the center of the monument unless a contrary intention is manifested from the grant.

Appeal from the County Court of Cook county; the Hon. John H. Williams, Judge, presiding.

J. A. Connell, and W. D. Barge, (Chester M. Dawes, of counsel,) for appellant.

Ross C. Hall, (Pringle & Fearing, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The town of Cicero passed an ordinance for the construction of a vitrified tile-pipe sewer in West Twenty-sixth street from South Fifty-fifth avenue to South Fifty-sixth avenue,—a distance of one block,—to be paid for

by special assessment. The total assessment amounted to $1038.80, of which the commissioner assessed $506.88 upon "that part N. of C. B. & Q. R. R. in S. W. ¼ S. 28, T. 39, R. 13," and the "C. B. & Q. R. R. Co." was set down as the name of the person who paid taxes on that property during the last preceding calendar year. Upon application to the county court of Cook county to confirm the assessment, the appellant, the Chicago, Burlington and Quincy Railroad Company, filed numerous objections, which were waived at the hearing with the exception of two. The first was, that the description of the land assessed was so vague and indefinite that the assessment was void, and the second, that the proposed improvement would not be of any benefit to the land of the objector, which was already fully supplied with sewerage facilities, and therefore the ordinance was unreasonable, oppressive and void. The objections were overruled and a judgment confirming the assessment was entered.

There is a half section line in Twenty-sixth street, which runs east and west, and a section line in Fifty-sixth avenue, which runs north and south, and if produced to the south would cross the property of the appellant, which lies south of Twenty-sixth street. · The property of the appellant between Ogden avenue on the south and Twenty-sixth street on the north, with the tracks and improvements upon it, was shown by a map. Two main tracks extend through the yards near the center, and on each side there are numerous tracks, exceeding seventy in number. There are transfer platforms, an ice house, yard offices, tracks used for storing cars, making up and receiving trains, repair tracks, tracks for unloading coal for railroad use, and all those things usual in railroad yards. The Fifty-sixth avenue sewer, of five and a half feet internal diameter, crosses the tracks and property of the appellant, and there are four lines of sewer extending along the tracks to that sewer, with a great many catch-basins and man-holes, af-

fording ample sewer facilities for that part of the railroad yards. There is a vacant space north of the spur, stub and switch tracks, between them and Twenty-sixth street, and as we understand counsel for the appellee, that is the part of appellant's property which they understand was assessed.

It is essential to the validity of a special assessment that the land assessed can be found and located. (*People v. Eggers,* 164 Ill. 515; *Upton v. People,* 176 id. 632; *Vennum v. People,* 188 id. 158; *People v. Colegrove,* 218 id. 545.) This case presents a different question from those involved in the cases cited, but they correctly state the rule of law that a judgment rendered against property the description of which is so ambiguous that it cannot be located by a competent surveyor would be a nullity. The question whether the description contained in the assessment roll in this case was so vague and uncertain as to be void was for the court. What is meant by a description of land is to be determined by the court from a construction of the language used, while the actual location of the property is a question for a surveyor. Ordinarily, land described as lying north of a railroad would be held to mean north of the railroad property, and that, of course, was not meant in this instance, since the assessment roll was intended to describe property of the railroad company. Generally, when land is described by a monument the description goes to the center of the monument unless the natural inference is rebutted by the language used. It is the rule of law that a grant of land bordering on a highway or river carries the exclusive right or title in the highway or river to the center thereof unless the contrary intention is manifest from the grant. In such a case the highway or river is regarded as a boundary or monument, and the purchaser takes to the middle of the monument as a part of the grant. In a case illustrating the rule, the canal trustees made a conveyance of land described as "east half of the

southeast quarter, south of road," and it was held that the conveyance meant the tract of land on the south side of the road, extending to the center line of the road. (*Helmer* v. *Castle,* 109 Ill. 664.)  There have been many cases where it has been held to be an established inference of the law that a conveyance of land bounded on a highway or river carries the fee to the center of the highway or river if there are no specific words of description to the contrary.  (*People* v. *Board of Supervisors,* 125 Ill. 9.) We do not see how that rule could be applied to this description, and counsel for the appellee do not interpret the description in that way.  If the commissioner had in mind some part of the appellant's property north of the main tracks or north of some of the side, spur or switch tracks, he failed to use any language to express his intention.

The appellee calls attention to section 40 of the Local Improvement act, providing that the property of railroad companies may be described in any manner sufficient to reasonably identify the property intended to be assessed. Under that rule it was regarded as sufficient to describe the property of a railroad company, generally, as its right of way in four named streets, in the case of *City of Nokomis* v. *Zepp,* 246 Ill. 159.  Undoubtedly the statutory rule applies, but the question is whether the description was sufficient to reasonably identify the property intended to be assessed where the assessment roll attempted a description of part of the appellant's property without showing what part.  We do not see how anyone can tell whether the part of the quarter section north of the Chicago, Burlington and Quincy railroad meant that part north of the main track or of the various side-tracks, stubs and switches lying north of the main track in the railroad yards.  A civil engineer testifying on the issue whether any benefit could result to the property from the improvement regarded the description as including the property north of the main tracks, but there was no warrant for that interpretation of the

270 — 39

language that would not apply equally as well to any other track. The description of the property seems to us to have been. hopelessly uncertain, so that a surveyor would have no certain guide in attempting to identify and locate it, and the objection should have been sustained.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*