**CARTER OIL CO. v. DELWORTH et al.**

No. 7505.

Circuit Court of Appeals, Seventh Circuit.

May 7, 1941.

Rehearing Denied June 24, 1941.

John B. Harris, of Granite City, Ill., Rudolph J. Kramer, Bruce A. Campbell, and R. E. Costello, all of East St. Louis, Ill., and Erwin F. Vetter and Thomas Bond, both of St. Louis, Mo., for appellants.

Walter Davison, Craig Van Meter, and Fred H. Kelly, all of Mattoon, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The single issue presented by this appeal is whether a warranty deed for certain premises in Fayette County, Illinois, from Louis Weaber and wife to Gerald Weaber, conveyed the bed of Big Creek, as plaintiff contends and the District Court held, or whether it reserved the creek, as defendants contend.

The premises involved were formerly owned by George W. Weaber, who died in 1921. In pursuance of a voluntary partition of his estate by his heirs, the brothers and sisters of Louis Weaber in 1925 conveyed to him by quitclaim deed land described as follows: All that part of the North half of the North West quarter of Section Twenty-eight (28) in Township Eight (8), North Range Three (3) East of the 3rd P. M. lying South of Big Creek, and all that part of said North Half of the North West Quarter, lying North of Big Creek and West of the East line of a Private Road running from the North Line of said North Half of the North West Quarter to the North Bank of Big Creek.

This deed is the source of his, Louis Weaber's, title to the creek. Two years later, June 23, 1927, he and his wife conveyed the premises by warranty deed to his brother Gerald, employing the same words to describe the property transferred but adding, "and more particularly shown and described as per plat attached showing the land conveyed colored in red." On the plat the body of real estate was in red, the public and private highways abutting thereon, in yellow, and the creek, in blue. Thereafter, on June 1, 1936, Gerald executed an oil lease (subsequently assigned to plaintiff), in which the land was described as in the deed to Louis, without excepting the creek. On July 17, 1939 Louis leased to the assignor of defendant Delworth that part of the land lying between the two banks of the creek. Plaintiff then brought suit to enjoin defendants from drilling in the creek bed claiming that its lease gave it exclusive right to drill there.

In Illinois a grant of land bordering upon a creek or river carries to the grantee exclusive right and title to the center of the stream, unless by the terms of the conveyance an intention is disclosed to convey only to the water's edge. Carter Oil Co. v. Watson et al., 7 Cir., 116 F.2d 195-197; Allott v. Wilmington Light & Power Co., 288 Ill. 541-550, 123 N.E. 731; Albany Railroad Bridge Co. v. People, 197 Ill. 199-205, 64 N.E. 350; Godfrey v. Dixon Power & Lighting Co., 228 Ill. 487-500, 81 N.E. 1089; Town of Cicero v. Chicago, B. & Q. R. R. Co., 270 Ill. 606-608, 110 N.E. 811; Sikes v. Moline Consumers' Co., 293 Ill. 112, 127 N.E. 342. By his deed to Gerald Weaber, therefore, Louis Weaber, in the language, "all the land north of the creek and all of the land south of the creek," included title in each instance to the center of the creek, unless there is in the record evidence to establish a different intention. Carter Oil Co. v. Watson, supra.

To establish such intention defendants rely upon the reference in the deed to the plat showing the land colored in red. Inasmuch, say they, as the grantor transferred only that which was colored in red, he conveyed only to the bank of the stream.

In view of the general rule, it matters not that the land conveyed is colored differently on the plat from the stream itself. It is not the plat that defines the estate but the rule of law that the conveyance of land abutting upon a stream carries the fee to its center, in the absence of evidence to the contrary. The roads, one private and the others public, each shown in yellow between two parallel lines, were not excepted and clearly passed and equally as forcibly and for the same reason the title to the middle of the stream passed even though not colored in red. We cannot from these circumstances read into the deed any intended reservation of title to something therein conveyed without evidence of exception or reservation.

In Brewster v. Cahill, 199 Ill. 309, at page 315, 65 N.E. 233, at page 235, the Supreme Court of Illinois cited with approval Ber-

ridge v. Ward, an English case, 10 C.B. (N.S.) 400(5). There land conveyed was described as 11 acres and, further, as "the lot colored red upon the annexed plat." The lot abutted upon a highway and, notwithstanding a description of 11 acres exclusive of the road, the court held that title passed to land running to the center of the road, saying: "Where a close is conveyed with a description by measurement and colour on a plan annexed to and forming part of the conveyance, and the close abuts on a highway, and there is nothing to exclude it, the presumption of law is that the soil of the highway usque ad medium filum passes by the conveyance." In approving the Berridge case, the Supreme Court of Illinois said: "It makes no difference, in the application of the rule, whether the land abutting upon the highway is a lot which bears a certain number, or is a farm called 'black acre,' or otherwise. Kimball v. City of Kenosha, 4 Wis. 321; Berridge v. Ward, 10 C.B.(N.S.) 400. Although the measurement set forth in the deed brings the line only to the side of the highway, the title will still be carried to the center of it, unless such words are used and such metes and bounds are set forth as show a contrary intention." Berridge v. Ward was also approved by Mr. Chief Justice Taft, when he spoke as a member of the Court of Appeals for the Sixth Circuit, in Paine v. Consumers' Forwarding & Storage Co., 71 F. 626, at page 632.

 Nor in applying the rule can we distinguish between a highway and a stream. In each instance the abutting river or road is regarded as a monument and the purchaser takes to the center thereof subject to the public easement, if any. Board of Trustees of Illinois & M. Canal v. Haven, 11 Ill. 554-557; Helmer v. Castle, 109 Ill. 664-672; Town of Cicero v. Chicago, B. & Q. R. R. Co., 270 Ill. 606-608, 110 N.E. 811.

 We find no facts in the record supporting defendants' contention that Louis Weaber did not convey to his brother the creek bed. The amount of acreage is of no moment, for the tract was indiscriminately discussed as a 25-acre tract and a 27-acre tract. In 1923 the grantor left the farm and the community, going to Decatur to live for the succeeding 13 years, when he removed to St. Louis, Missouri. During all of this period, he paid no taxes upon any of the premises, made no effort to have it allocated to him on the tax records, and asserted no claim to the creek bed. Such acts evince a practical construction of the conveyance negating intent to reserve the creek. Hollenbeck v. Hollenbeck, 232 Ill. 384, 83 N.E. 926; White v. Knickerbocker Ice Co., 254 N.Y. 152, 172 N.E. 452, 74 A.L.R. 591. Though when he lived in the community he had trapped on the creek, he had not done so for a number of years and when he had done so he had made use of that part of the stream not only abutting this land but also bordering land of adjoining owners. It was not until oil was discovered in 1938 that his cry of ownership of this creek was first heard. Obviously his claim is an entire afterthought. We are in accord with Judge Wham that the evidence said by defendants to support their contention of an exception or reservation is "fanciful" and "without force, when all the evidence is considered."

The cases relied upon by defendants do not militate against our conclusion. Rockwell v. Baldwin, 53 Ill. 19 and People v. Board of Supervisors, 125 Ill. 9, 17 N.E. 147, we distinguished in Carter Oil Co. v. Watson, supra. In Piper v. Connelly, 108 Ill. 646, appears language apparently supporting defendants' theory but when carefully analyzed it is apparent that the court recognized the rule that where there is no evidence of a contrary intent the title extends to the center of the stream.

 Defendants assert further that plaintiff was confronted with an estoppel to claim exclusive title to the creek bed for the purpose of drilling for oil, growing out of a lease of surface to it from Gerald Weaber February 1, 1940, which was expressly subject to the terms and conditions of another surface lease previously given by Gerald to one Tyer August 16, 1939. Obviously one purchasing land subject to an outstanding interest is estopped to deny its validity. But the lease to Tyer did not purport to convey the creek bed. It covered only a strip abutting upon the creek; hence the recital in the surface lease to plaintiff that it was subject to Tyer's lease for the surface created in no way an estoppel against plaintiff to claim the exclusive right to drill for oil in another tract of land, namely, the creek bed.

The decree is affirmed.