Jones, P. J.
These are two actions of contract to recover rent on a written lease. The defense set up is attornment to a new tenant and surrender of the lease by operation of law and a general denial.
At the trial, the plaintiff offered the purported lease in evidence, which lease bore the signature of the defendant only. The report states that the defendant “seasonably requested a report”. Upon the admission of this evidence, but is silent otherwise upon this evidence. The only refer *322 ence to this contained in plaintiff’s brief is that the “court should not have permitted the introduction into evidence of the purported lease and that the admission of this lease was error.” Disposing of this matter, first, we must refer to Bule XXVTI of the Buies of the District Courts, which provides at page 27 that “when the objection is to the admission or exclusion of evidence, the claim for a report shall also be made at the time of the ruling and shall be reduced to writing in a summary manner and filed with the clerk within five days after the making of such ruling.” The trial of this case was on October 28, 1940. No such writing as required above was made and filed as required by the rule quoted, hence the defendant is now precluded from making any argument or claim against such admission of evidence. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 179; Massachusetts Drug Co. v. Bencks, 256 Mass. 535; Sweeney v. Morey & Co., Inc., 279 Mass. 495, and the lease is before us for our consideration for all purposes.
It appears that the defendant occupied the store mentioned in the lease from the date of the lease up to October 19, 1938, paying the rent stipulated therein; that, on the latter date mentioned he sold out the stock and fixtures therein to one Soloway, to whom he assigned the lease, for which assignment no permission was obtained from the plaintiff. Soloway in turn sold the store to one Young, without consultation with either plaintiff or defendant; Young took possession and paid the monthly rent, reserved under the lease, to the plaintiff; later, Young, in turn, without consulting either plaintiff or defendant, sold the store to one Wood who took possession and paid the monthly rent to the plaintiff until October 1,1939, when this tenant gave notice in writing to the plaintiff that she would vacate the premises October 31, 1939; that on October 13, 1939, the *323 plaintiff notified the defendant that she would hold him responsible for the rent accruing under the lease for the balance of the term; that on November 1,1939, plaintiff received the keys to the store from Wood; that thereafter, plaintiff placed a to-let sign upon the premises and advertised the store for rent; that on November 2, 1939 the plaintiff demanded of the defendant the November rent.
The trial judge found for the plaintiff.
It is undoubtedly the rule that “when a lease is executed by the lessee and not by the lessor, and the lessee has entered and enjoyed the premises, he is liable to payment “of the rent.” It is a unilateral agreement. Codman v. Hall, 9 Allen, 338; Buffington v. McNally, 192 Mass. 198; Hall Landlord & Tenant, 3d Edition, sec. 50. And the assignor of a lease remains liable to the lessor during the term upon the express covenants of the lease through privity of contract, and this rule is not abrogated by the acceptance of rent by the lessor of the assignee of the lease. Fletcher v. M’Farlane, 12 Mass. 43; Wall v. Hinds, 4 Gray 256; Deane v. Caldwell, 127 Mass. 242; Johnson vs. Stone, 215 Mass. 219.
In the case of Amory v. Kannofsky, 117 Mass. 351, relied on by the defendant, there was a surrender of this lease by the lessee and an acceptance of the same by the lessor’s agent, and thereafter the court said, ‘ ‘ The facts bring this case within the rule, that where by the agreement between the lessor cmd lessee, the lessee abandons his possession and the lessor resumes possession of the premises, there is a surrender of law. ’ ’
And the defendant could not, by his own act, relieve himself from his contract liabilities without the plaintiff’s consent. Jones v. Parker, 163 Mass. 564.
*324 In other words, in order to accomplish a surrender by operation of law there must be a meeting of minds between the plaintiff and the defendant, amounting to a concurrence in the common intent of relinquishing the relation of landlord and tenant by acts tantamount to a stipulation to put an end to the lease; and the mere fact that a third person occupied the premises under an agreement with the tenant, and even with the knowledge of the landlord, will not raise a presumption of a surrender, especially where the original lease is not cancelled or given up. Brewer v. Dyer, 7 Cushing, 337, 339, and even if the lessor had consented to an assignment of the lease and thereafter collected the rent from the assignee, that would not have relieved the original lessee from his contract to pay rent. Hamlen v. Rednalloh Co., 291 Mass. 122; Talbot v. Rednalloh Co., 283 Mass. 225, 235, and the obligation to pay rent could be only terminated by a surrender of the lease accepted by the lessor. And the trial judge found “that the acceptance by the plaintiff’s agent of the keys when they were tendered by Catherine Wood was not an acceptance of surrender of the premises. It was also found that plaintiff’s agent notified the defendant by letter that she would hold the defendant responsible for the rent accruing under the lease for the balance of the term. And the plaintiff, after notice of the giving up of the last tenant, promptly notified the defendant thereof, which clearly indicates that plaintiff considered the lease still in force. Leavitt v. Maykel, 210 Mass. 55, 62. And the acts of the plaintiff were fully consistent with the finding that he took possession of the premises and attempted to rent them, putting a to-let sign thereon and advertising in the newspaper, all for the purpose of cutting down the damages that defendant would have suffered by loss of the tenant.
*325 The defendant’s requests for rulings were,—
2. On all the evidence, there is sufficient evidence for the Court to find a surrender of the premises by the defendant to the plaintiff by operation of law.
11. There should be a finding for the defendant on all the evidence as a matter of law.
12. On all the evidence, the Court is warranted in finding for the defendant.
These requests for rulings were denied, and we find no error in their disposition.
Report is dismissed.