CHARLES JOHNSON *& al. vs.* ABRAHAM ANDERSON *& al.*

A grant of land bounded on a highway, carries the fee in the highway to the
centre of it, if the grantor at the time owned to the centre, and there be no
words to show a contrary intent.

TRESPASS *quare clausum* for cutting grass.   The parties agreed
upon a statement of facts, from which it appeared, that the land on
which the grass was cut, was formerly the property of one *Brown*,
and that while owned by him, a road was legally laid out over the
land in controversy.   After this, *Brown* conveyed the land on one
side of the road to the plaintiffs, and on the other to the defend-
ants, bounding both of them on the road.   Subsequently the road
was legally discontinued.   The other facts appear in the opinion
of the Court.

*Fessenden & Deblois,* for the plaintiff, contended, that the re-
spective grantees of *Brown* took to the centre of the road.   But
if the respective grants were limited by the side of the traveled
path, the case shows that the defendant cut grass over the traveled
path, on the plaintiff's side.   *Lunt* v. *Holland,* 14 *Mass. R.*
149 ; *King* v. *King,* 7 *Mass. R.* 496 ; 3 *Kent,* 433 ; *Jackson* v.
*Hathaway,* 15 *Johns. R.* 447 ; *Peck* v. *Smith,* 1 *Conn. R.* 103 ;
*Tyler* v. *Hammond,* 11 *Pick.* 193.

*W. P. Fessenden,* for the defendant, contended, that the grant
in this instance excludes the traveled part of the road ; it bounds
them on a certain specific line, the side of the traveled path.
Where the language excludes the road, as here, the road does not
pass.   *Tyler* v. *Hammond,* 11 *Pick.* 193.   Running the line
upon the traveled path, excludes it.   The case does not show that
the cutting was beyond the traveled path.

The opinion of the Court was drawn up by

SHEPLEY J. — The case states, that the "road was legally
laid out"; and that "the cutting was exclusively on the land so
laid out as a road, and was on the half of the road nearest the
plaintiffs' land, as well as on that nearest the defendants."   The
only conclusion, which can be fairly drawn from such an agreed

statement, is, that the grass was cut over the whole space formerly included in the road.

The question is then presented, whether the title of the plaintiffs extended to the centre of the road, as it existed at the time of the conveyances. This highway was laid out through the land of *Ezra Brown,* who afterward, in the year 1810, conveyed to the plaintiffs that part of his land on the westerly side of it, describing it as " bginning on the westerly side of the county road ", " thence running northerly, touching the said westerly side of said road, forty rods." Then the line of boundary leaves the westerly side of the road, and after describing the other bounds returns to the first mentioned bound.

In the year 1824, *Brown* conveyed to *John Gerrish,* from whom the defendants derive their title, the land on the eastern side of the highway, describing it as " beginning on the county road," and thence extending the line of boundary from it, and describing the other limits, it returns " to the county road aforesaid, thence on the said road to the bounds first mentioned." These conveyances bounded the grantees upon a highway legally established and used. If the same language had been used in bounding them upon a stream of water, there could be no doubt, that the title of each grantee would extend to the centre of the stream. Could the grantor, after these conveyances, contemplate, that he was to continue to be the owner of the land over which the road was laid, and that he might, subject to the public rights, cut away or protect at his pleasure the trees. and remove the earth and manure, that might be useful ? Could the grantees have imagined, that they had not these rights, usually belonging to the owners of the adjoining land ? The effect of admitting the principle, that a conveyance, bounding on a highway, does not extend to the centre of it, would deprive the owners of farms without, and the owners of house lots within, our villages and cities, of the power of improving or ornamenting that part of the way adjoining these lands and not used by the public, and of protecting ornamental trees and useful erections already existing. Such results are as undesirable for the public benefit, as they would be alarming to the owners of house lots adjoining public highways and streets. A principle,

which would produce them, should not be admitted but upon the clearest and best authority.

The freehold and profits of a way, that leadeth to the fields, are in him, that hath land next adjoining. 1 *Rol. Abr.* 392. The trees in a highway generally belong to the proprietors of the soil *ex utraque parte.* *Com. Dig. Chimin. A.* 2. In the case of *Stevens* v. *Whistler,* 11 *East,* 51, the Court appears to have acted upon the rule as one established, that the owner of lands on the side of a highway, was the owner of the soil of that half of the way adjoining his land. In *Headlam* v. *Hedley,* 1 *Holt,* 463, Mr Justice *Bayley* admits the presumption of law to be, that the property of the soil in a highway belongs to the owners of the adjoining lands.

In *Peck* v. *Smith,* 1 *Conn. R.* 103, *Reeve C. J.* says, "the next inquiry is, will the purchasers on each side of the highway have a property in the highway? I answer, yes; and they own each to the centre of the road". There can be no doubt, that in conveyances adjoining highways, as well as in those adjoining rivers, the description may be such as to exclude the way. And such the Court considered the descriptions in the case of *Jackson* v. *Hathaway,* 15 *Johns. R.* 447. *Platt J.,* in delivering the opinion, says, "where a farm is bounded along a highway, or upon a highway, or running to a highway, there is reason to intend, that the parties meant the middle of the highway; but in this case, the terms of the description necessarily exclude the highway." The rule was stated in conformity with these authorities, by *Kent,* before the decision in the case of *Tyler* v. *Hammond,* 11 *Pick.* 193, and that does not appear to have at all shaken his confidence in its accuracy. 3 *Kent,* 433, 3d *Ed.*

The rule appears to be both reasonable and satisfactorily established. Whether it would be properly applied to large squares, or to ways reserved, but not legally laid out or used, it is not now necessary to determine.

*Judgment for the plaintiff, according to agreement.*