DOUGLAS ALLEMAN

*v.*

ROBERT HAMMOND *et al.*

*Opinion filed April 20, 1904.*

DEEDS—*when deed is void for uncertainty.* A deed conveying a certain described quarter section of land, "except the south-east corner," is void for uncertainty of description, where the excepted portion is not otherwise described and cannot be ascertained from the description in the deed.

APPEAL from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding.

GEORGE L. HOFFMAN, and HENRY MACKAY, for appellant.

FRANKLIN J. STRANSKY, and RALPH E. EATON, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant claimed title in fee to a part of the north-west quarter of section 31, town 24, north, range 4, east of the fourth principal meridian, in Carroll county, in virtue of a deed made in pursuance of a judgment ordering the said land to be sold for delinquent taxes, and brought this an action of ejectment against the appellees to recover possession of the premises as owner in fee. The plea was not guilty, and a jury was empaneled to try the issue. The court refused to permit appellant's tax deed to go in evidence and directed a peremptory verdict for the appellees, and appellant has appealed.

The description in the deed of the land purported to be conveyed thereby was as follows: "The east side (except the south-east corner) of the north-west quarter of section 31, twp. 24, N., R. 4, E. 4th P. M., in county of Carroll and State of Illinois, containing 115.15 acres." The excepted portion in the south-east corner of the east side of the north-west quarter is in no manner described and cannot be ascertained or located from the description in the deed. The excepted tract not being ascertainable, it is, of course, uncertain what remained to be conveyed. When the land intended to be conveyed can not be located from the description thereof in the deed, the deed is void for uncertainty. *Shackleford* v. *Bailey*, 35 Ill. 387; 4 Am. & Eng. Ency. of Law, (2d ed.) 802.

The contention of the appellant that Robert Hammond, one of the appellees, acting for himself and the other appellees, procured the lands to be assessed for taxation by the description found in the deed, and that the appellees became thereby estopped to deny that such description was sufficient, without being conceded to be good in point of law, may be disposed of by saying that the proof which was heard, against the objection of the appellees, did not show that the appellees, or either of them, procured the land to be described, for assessment and taxation, by such description. The only proof upon

the subject was that Robert Hammond told the deputy county clerk of the county that he "wanted to put the balance of this quarter section that was not assessed, on the tax books," and said to the deputy that he "wanted the unsurveyed portion of the 160 acres assessed." Hammond testified as follows: "The clerk took the assessment book and found out what land was assessed in that quarter section. He made up the amount assessed,—or, no, he set down 160 acres and subtracted 44.85 from it. I don't know what writing the county clerk done in the assessor's book. I don't remember whether he read it off to me or not. I suppose it was placed on the tax books—knew, of course, that it was. I supposed the description by which it was placed on the tax books was the east part,—the unsurveyed part, either way. By the unsurveyed part I mean the part that lays within the meandered line of this lake the surveyed land borders on. In that conversation nothing that I remember of was said about the south-east corner by anyone. 'Except south-east corner' was placed in there because it was enclosed in a fence. We had it enclosed. The west portion of the north-west quarter at that time was surveyed, to my knowledge,—not anything else to my knowledge. I don't know why the term 'south-east corner' was placed by the county clerk in this book. All the lands within the meandered line of Sunfish lake, in the north-west quarter, I asked him to put on the tax books." It appeared from this testimony that the clerk formulated the description from what the witness told him about the land. There was no proof that Robert Hammond knew the description by which the clerk attempted to describe the land, or adopted such description, even if by adopting the same the judicial proceedings resulting in the execution of the tax deed should be regarded as containing a valid description of the land. The deed was properly excluded.

The judgment is affirmed.      *Judgment affirmed.*