WOODED SHORES PROPERTY OWNERS ASSOCIATION, INC., Plaintiff-Appellant, *v.* THOMAS P. MATHEWS *et al.*, Defendants-Appellees.

Second District (1st Division)   No. 74-77

Opinion filed March 31, 1976.

Crowley, Barrett & Karaba, of Chicago, for appellant.

Kell & Conerty, of Woodstock, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The plaintiff, Wooded Shores Property Owners Association, Inc., has appealed the final order of the circuit court of McHenry County which dismissed plaintiff's amended complaint with prejudice without stating its reasons. On appeal, plaintiff raises one issue, whether or not the amended complaint sets forth a cause of action for which relief could be granted.

The plaintiff, a not-for-profit corporation of the lot owners in the Wooded Shores subdivision since 1945, brought this action seeking to have it declared the legal owner of, or, in the alternative, either beneficial owner through a constructive trust or holder of an exclusive easement, of the 13 roads, 3 beach accessways and beach property located in and adjacent to the Wooded Shores subdivision, as well as damages, other equitable relief and any other relief that might be justified. The primary defendants in this action are Thomas and Lois Mathews, alleged holders of the tax deed to the beach property and the purchasers of easements in the roads and title to the northeast beach accessway from Grover and Anna Wickline, the developers of the Wooded Shores subdivision. After hearing arguments from the attorneys on the defendants' motion to dismiss the amended complaint, the trial court dismissed the amended complaint with prejudice to all defendants.

The plaintiff is an association of 130 lot owners in the Wooded Shores subdivision, which was incorporated on April 28, 1945, as a not-for-profit organization solely for the purpose of taking and holding the title to the roads, beach, beach accessways and water systems of the Wooded Shores subdivision. The members of the association took title to their lots through Grover Wickline and Anna Wickline, the developers of the Wooded Shores subdivision. Anna Wickline acquired title to the property in question in her name only on March 23, 1931, and thereafter, on March 25, 1935, filed and recorded the plat of Wooded Shores subdivision. The plat expressly designated the 13 roads in the subdivision as "private." It also designated the three beach accessways as "Walks" and the beach as a "Park." As an inducement to purchase, Grover Wickline orally represented to the purchasers of the lots that the roads and the community areas were private and would be deeded to the association of lot owners when formed. In each deed which transferred title to the lot owners, there was a clause to the effect that the grantee would become a member of the lot owners' association to be formed and it would govern and supervise the drives and community grounds. The deeds also contained a clause stating that each lot owner would contribute proportionately for the care of the drives and community grounds. Each lot owner did contribute their proportionate share for the care of the roads, beach accessways and beach property. At no time did Anna or Grover Wickline, joint tenants after February 12, 1945, deed title to the property in question to the plaintiff

association, but instead, in May, , 1959, in two separate transactions, transferred easements to the private roads and title to the northeast beach accessway to Thomas and Lois Mathews. After Anna's death, in 1959, Grover Wickline allowed the taxes for the beach property to fall in default and The John Allan Company acquired the beach property by tax deed in 1964. Subsequently, tax title to the beach property was conveyed to the Illinois State Bank of Chicago, as trustee, and apparently then conveyed to Thomas Mathews.

The defendants' motion to dismiss alleged that the amended complaint failed to state a cause of action for which relief could be granted in that it contained mere conclusions of law, not facts sufficient to support the alleged actions and that many of the facts it contained were immaterial. The motion also alleged that the plaintiff was represented in an action filed in 1959 by one William T. Born, a lot owner in Wooded Shores subdivision, for a declaratory judgment asking that the property in question be declared private and for the exclusive use and enjoyment of the lot owners of Wooded Shores and that that action is a bar to the instant action since it was still pending when this motion to dismiss was heard. The final allegations of the motion to dismiss were that the plaintiff seeks but fails to offer to do equity and that plaintiff is guilty of laches in not filing its complaint within a reasonable time after the occurrence of the alleged wrongful acts. As indicated above, the motion to dismiss was granted by the trial court.

■■ It is settled law that an action should not be dismissed pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 45), for failure to state a cause of action or for insufficiency at law unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 286 N.E.2d 25.) Moreover, a motion to dismiss, being in the nature of a common law demurrer, admits all facts well pleaded, together with all reasonable inferences which can be drawn from those facts for purposes of such motion. (*Dear v. Locke* (1970), 128 Ill. App. 2d 356, 262 N.E.2d 27.) Hence, in the present action this court's sole task is to determine whether the allegations of the amended complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action for which relief may be granted.

A review of the amended complaint discloses numerous alternative prayers for relief, including declaratory judgments, mandatory and prohibitory injunctions and compensatory and punitive damages. At the start we note that the plaintiff has failed to raise two of its theories for relief on appeal, *viz.*, a violation of the Illinois Antitrust Act (Ill. Rev. Stat. 1969, ch. 38, par. 60—1 *et seq.*) and an accounting, and therefore those issues are considered waived. Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)7.

■■ We first consider whether the plaintiff's prayer for equitable relief was properly dismissed. In their motion to dismiss the amended complaint the defendants raised the affirmative defense of laches to the equitable relief requested. The doctrine of laches is based upon the maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as a neglect to assert a right or claim which, taken together with a lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in the court of equity. *Dixon v. Cahill* (1973), 10 Ill. App. 3d 779, 295 N.E.2d 349.

Plaintiff contends that the motion to dismiss was in an improper form to place the defense of laches before the court. The plaintiff correctly states that:

> "* * * the defense of *laches* can be raised by a motion * * * if: (1) an unreasonable delay appears on the face of the pleading; (2) no sufficient excuse for delay appears or is pleaded; and (3) the motion specifically points out the defect." (*Hartsman v. Abboreno* (1960), 18 Ill. 2d 467, 470, 165 N.E.2d 338, 340.)

Plaintiff claims that none of these elements exist in the present case. We do not agree. A careful examination of the pleadings reveals that the defendants' motion to dismiss alleged that the plaintiff was organized in 1945 and is guilty of laches in not commencing this action within a reasonable time. Furthermore, the pleadings do not state an excuse for the delay. Finally, the motion to dismiss specifically raised the defense of laches. Therefore, we find that the plaintiff's contention that the defendants' motion was in an improper form is unfounded.

The pleadings disclose that between 1945, when the plaintiff was incorporated, and 1971, when this suit was originally instituted, the plaintiff did not prosecute any action to clear the title of the property in question. The court notes that while the plaintiff was represented in the declaratory judgment suit commenced in 1959 for the same purpose, that it was dismissed for want of prosecution in 1967 and reinstated the same year. We lack knowledge as to whether or not this suit ever went to trial. However, the pleadings show that the plaintiffs knew of the alleged violation of their alleged rights in that they were represented in this suit filed in 1959 to enforce that right and, that at the time that the motion to dismiss the instant suit was heard the plaintiff had failed to prosecute the 1959 suit. Furthermore, the plaintiff did not institute the instant suit until death had silenced both Anna and Grover Wickline, principals to the original transaction. As the court stated in *Steinhauer v. Botsford* (1945), 327 Ill. App. 296, 308, 64 N.E.2d 187, 192:

> "A court of equity will refuse relief after inexcusable delay because of the difficulty, if not the impossibility, of arriving at a safe and certain conclusion as to the truth of the matters in controversy

and doing justice between the parties, where evidence has been lost through the disappearance of witnesses to the transaction involved in the suit. [Citation.]"

The delay in commencing this suit and prosecuting the 1959 one has had a prejudicial effect upon the defendants in that they have lost the testimony of both Anna and Grover Wickline along with the obvious problems of discovering and construing the intent of various parties 20, 30, and 40 years after the fact. Therefore, we find that the plaintiff's delay in commencing the 1971 suit was unreasonable and has had a prejudicial effect upon the defendants. We hold that that part of plaintiff's suit seeking the declaration of a constructive trust and issuance of injunctions for equitable relief is barred by the defense of laches and that the trial court properly dismissed the plaintiff's amended complaint with respect to the equitable relief requested.

■■ Second, we consider plaintiff's contention that Anna Wickline's acts of filing and recording the plat of Wooded Shores subdivision resulted in a·statutory dedication of the roads and common areas to the plaintiff. We do not agree.

Statutory dedications are defined in section 3 of the Plat Act (Ill. Rev. Stat. 1973, ch. 109, par. 3), which reads:

"The acknowledgment and recording of such plat * * * shall be held in law and in equity to be a *conveyance in fee simple of such portions of the premises platted as are marked or noted on such plat* as donated or granted to * * * any * * * corporation * * *." (Emphasis added.)

The statute expressly limits courts review to an examination of the plat and the marks and notations that appear on it. Plaintiff's amended complaint fails to allege any facts which would imply that Anna Wickline placed any marks or notations on the plat that would indicate any intent to donate or grant any of the roads or common areas to the plaintiff. In our opinion, the notation that the roads are private can only be interpreted to mean that Anna Wickline reserved title to them for herself. Therefore, the trial court was correct in dismissing this part of the amended complaint.

Thirdly, we consider plaintiff's contention that the sale of lots in the Wooded Shores subdivision subsequent to the filing of the plat on March 25, 1935, vested title to the private roads and beach accessways in the lot owners of Wooded Shores. The defendants' brief immediately questions whether plaintiff has standing to raise this contention. Defendants claim that the amended complaint alleges that the lot owners individually own the property and not the plaintiff. Defendants contend plaintiff lacks sufficient interest in the property to bring this action. Plaintiff relies upon *Merrionette Manor Homes Improvement Association v. Heda* (1956), 11 Ill. App. 2d 186, 136 N.E.2d 556, as authority for allowing plaintiff to bring

this particular action. In *Merrionette* that court was confronted with the same question and concluded that under the facts of that case that the association was formed to protect the lot owners' interest in the restrictive covenants and, as that was the purpose of the suit, it was proper to allow the plaintiff association to bring the action. The basis of the decision was that a court should:

"* * * look at the real character of the association, not to ignore the corporate form nor to draw aside the veil, but to recognize that the association was acting as the agent or representative of the property owners, and that the property owners were expected to and did look to the organization as the medium through which [they should act] * * *." (11 Ill. App. 2d 186, 190, 136 N.E.2d 556, 558.)

We agree with the reasoning of *Merrionette* and hold that under the authority of that case the plaintiff does have standing to raise the contention that the sale of lots in Wooded Shores subsequent to the filing of the plat on March 25, 1935, vested title to the private roads and beach accessways in the lot owners of Wooded Shores.

To support this contention plaintiff relies upon *Wilder v. Aurora, De-Kalb & Rockford Electric Traction Co.* (1905), 216 Ill. 493, 75 N.E. 194; *Brewster v. Cayhill* (1902), 199 Ill. 309, 65 N.E. 233; and *United States v. 11.06 Acres of Land* (E.D.Mo. 1950), 89 F. Supp. 852. In *Wilder*, the court held that:

"A conveyance of property abutting upon a street, shown upon a plat not sufficient to constitute a statutory dedication, carries with it the fee of the soil to the center of the street, although the property is conveyed by lot or block number only, unless title to the street is expressly reserved to the grantor or excluded from the grant. (*Brewster v. Cayhill*, 199 Ill. 309)." 216 Ill. 493, 512, 75 N.E.2d 194, 200.)

In *11.06 Acres of Land* the court held that the rationale as set forth above should be extended to parks located within private subdivisions. Plaintiff concludes that these cases are authority for holding that its amended complaint stated an action for which relief could be granted.

■■ The *Wilder* case specifically states that the abutting lot owners received title to the center of the roads only when two conditions were met: (1) the plat is not sufficient to constitute a statutory dedication; and (2) that a title to the street is neither expressly reserved to the grantor not excluded from the grant. We hold that this portion of the plaintiff's amended complaint failed to comply with the requirements in *Wilder* and, therefore, the title to the beach accessways and roads did not pass to the plaintiff or its members. We base our opinion with reference to the beach accessways on the facts that the plat refers to the accessways as

"Walks" and that the plaintiff's amended complaint failed to allege sufficient facts from which the court could conclude that the plat did not represent a statutory dedication of the accessways to the public. With reference to the roads, we base our opinion on the fact that an examination of the deeds conveying title to the members of the plaintiff association convinces us that Anna Wickline did reserve title to the roads in herself. The language contained in the deeds specifically grants each lot owner a limited easement in the roads and community areas. Each deed contains the clause:

> "* * * under no circumstances, [do the lot owners] have the right and privilege to license, transfer or grant privileges to such use of the property in question [roads] to any other person or persons that the above enumerated [*viz.*, lot owner]."

The obvious effect of this clause is to reserve the remaining interest in the roads in Anna Wickline subject to the easements. Therefore, for the above-stated reasons, it was proper for the trial court to dismiss this part of the amended complaint.

Fourthly, we consider plaintiff's contention that by filing the plat of Wooded Shores, Anna Wickline granted plaintiff and its members an exclusive easement in the private roads and beach accessways. Plaintiff's position is that:

> "Where the owner of land lays it out in lots and blocks and makes and exhibits a plat thereof showing streets and alleys and sells some of the lots with a clear reference to the plan, the purchaser acquires as appurtenant to the lots every easement, privilege, and advantage which the plan represents as belonging to them as a part of the platted territory." (*Wattles v. Village of McHenry* (1922), 305 Ill. 189, 192, 137 N.E. 114, 116.)

Plaintiff then argues that the easement is exclusive because the roads are plainly marked "private" upon the plat indicating the grantor's intent that they be used only by the lot owners, the oral representations by Grover Wickline that the common areas would be deeded to the plaintiff, and that certain clauses in the deeds would be ineffective if construed in any other way.

■■ We find that the plaintiff's contention that there was an easement created by the filing of a plat and subsequent sale is true as a general rule. However, in this instance, the deeds specifically created only a limited easement in the lot owners. The effect of a limited easement is that the grantor, Anna Wickline, retained the title she had prior to the conveyance and that the plaintiff or its members possessed only those rights delineated within their deeds. Furthermore, we have commented above upon the proper interpretation of Anna Wickline's notations on the plat that the roads were private and hold that it does not indicate an attempt to grant plaintiff and its members an exclusive easement. Since neither the deed

nor the plat indicate an intent to grant the plaintiff an exclusive easement, we find the trial court properly dismissed this part of the amended complaint.

■■ Fifthly, we consider plaintiff's contention that a third party who conspires in a breach of trust may be held liable to the beneficiary for damages. Plaintiff argues that the amended complaint alleged sufficient facts to state a cause of action for a civil conspiracy. We do not agree.

A civil conspiracy that gives rise to a cause of action is a combination of two or more persons for the purpose of accomplishing by concerted action either a lawful purpose by an unlawful means or an unlawful purpose by lawful means. (*De L'Ogier Park Development Corp. v. First Federal Savings & Loan Association* (1972), 6 Ill. App. 3d 807, 286 N.E.2d 583.) In this case plaintiff argues that Mathews combined with Grover Wickline to complete an unlawful purpose by lawful means. Plaintiff contends that the community areas within Wooded Shores were being held in trust by Grover Wickline for the lot owners and that Mathews conspired with Grover Wickline to unlawfully deprive them of their property interest.

The alleged facts reveal that an arm's length sale of real estate occurred between the parties of the alleged trust. Plaintiff does state that Grover Wickline held those common areas in trust for the sole benefit of the plaintiff association and the lot owners. But, other than plaintiff's own conclusion, no facts were alleged in Count V that would support the existence of a constructive trust, based upon either a fiduciary relationship or actual fraud. Thus, the amended complaint failed to allege facts sufficient to support plaintiff's contention that the acts of Grover Wickline and Thomas Mathews were for an unlawful purpose. Therefore, the trial court properly dismissed this part of the plaintiff's amended complaint.

Lastly, we consider plaintiff's contention that the tax deed passes no interest to the grantee because it is void for uncertainty in that it failed to adequately describe the beach property it purported to convey and, therefore, it is subject to collateral attack. Plaintiff's brief contends that the tax deed can be collaterally attacked under the authority of *McMillen v. Rydbom* (1965), 56 Ill. App. 2d 14, 205 N.E.2d 813. In *McMillen* Justice Davis, after reviewing the applicable case law and statutes, concluded:

"The series of cases cited above have pronounced that section 266 of the Revenue Act [Ill. Rev. Stat. 1963, ch. 120, par. 747], as amended in 1951 provides that tax deeds issued pursuant thereto shall be incontestable except by appeal from the County Court directing the County Clerk to issue such deed. By this enactment, the legislature intended that *tax titles should be subject only to direct attack* unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1963, ch. 110 par. 72), or *unless the Order for deed was utterly void.*

[Citations.]" (Emphasis added.) (56 Ill. App. 2d 14, 22, 205 N.E.2d 813, 817.)

Plaintiff concludes that the second exception stated in *McMillen* allows it to collaterally attack the tax deed. Plaintiff relies upon *Alleman v. Hammond* (1904), 209 Ill. 70, 70 N.E. 661, and *Shackleford v. Bailey* (1864), 35 Ill. 387, as authority for the proposition that this particular order and tax deed are void. These cases hold that when the property intended to be conveyed cannot be located from the description on the tax deed, the deed is void for uncertainty and indefiniteness.

■■ After a careful examination of both the tax deed and the law with reference to this issue, we are of the opinion that the amended complaint properly stated a cause of action on this issue. The amended complaint specifically alleges that the legal description in both the order for the tax sale and the tax deed are uncertain and indefinite and hence plaintiff concludes the tax sale and judgment and tax deed are void for uncertainty and indefiniteness. The tax deed read:

"(Except Wooded Shores Plat) Pt North ½ Southwest ¼ & South ½ Southwest ¼ Section 18—45—8 (13.05 Acres) DR 272, PG 407, McHenry Township, McHenry County, Illinois."

This describes 13.05 acres located somewhere within 160 acres referred to as the southwest quarter of section 18 except for approximately 60 acres platted as the Wooded Shores subdivision. The only other description in the tax deed was that the 13.05 acres were also within the description of the document located on page 407 of volume 272 of the Deed Record of McHenry County. Since we do not have that document before us, we are unable to determine if the description is uncertain and indefinite. However, we do hold that the amended complaint properly stated a cause of action to collaterally attack the tax deed and clear the cloud on the title to the beach property. We therefore direct the trial court to enter an order reinstating this part of the amended complaint and to hold a hearing on that issue.

In summation, we hold that the trial court properly dismissed plaintiff's amended complaint with the exception of that portion of the complaint seeking to declare the tax deed void and to clear the cloud on the title to the beach property.

Affirmed in part; reversed in part and remanded with directions.

SEIDENFELD, P. J., and HALLETT, J., concur.