**In re Robert G. PEREZ, Jr., d/b/a Chico's Family Restaurant, Debtor.**

**Bankruptcy No. 87 B 01891.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 24, 1989.

John Balestri, Bernabel & Balestri, La-Salle, Ill., for debtor Robert G. Perez.

Louis E. Olivero, Peru, Ill., for objector.

Robert Higginson, Lansing, Ill., trustee.

M. Scott Michel, U.S. Trustee, Chicago, Ill.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion to reopen the case of debtor Robert G. Perez, Jr. ("Perez") and on the objection thereto filed by Louis E. Olivero ("Olivero"). For the reasons set forth herein, the Court, having considered all the pleadings, does hereby deny the motion to reopen.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this adversary proceeding pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. This contested motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

## II. FACTS AND BACKGROUND

Perez filed a Chapter 7 petition on February 6, 1987. The Statement of Financial Affairs referenced the fact that Olivero, pursuant to a LaSalle County Circuit Court action, garnished approximately $1,100.00 in a checking account Perez maintained at the LaSalle National Bank. Schedule A–3 listed Olivero as an unsecured creditor for rental arrearage of $3,000.00 for the period June 1981 through November 1985. Perez listed the $1,100.00 garnished proceeds on Schedule B–3 as an asset of the estate transferred to Olivero within one-hundred-twenty days prior to the filing of the petition. Perez scheduled the $1,100.00 among the claimed exemptions on Schedule B–4, citing Ill.Rev.Stat. ch. 52, para. 13, § 1(b).

A trustee was appointed on February 27, 1987. The first meeting of creditors required under Section 341 of the Bankruptcy Code was scheduled for commencement on March 19, 1987. The notice, sent to all creditors by the Bankruptcy Clerk's office, indicated a probable "no-asset" case. Further, the notice provided that objections to exemptions were to be filed within thirty days of the conclusion of the first meeting of creditors. The trustee filed a No–Asset Report on April 16, 1987. The Honorable Robert E. Ginsberg, the bankruptcy judge originally assigned the case, approved the No–Asset Report on May 7, 1987.

On May 14, 1987, Olivero filed objections to the claimed exemptions of the garnished proceeds. Perez responded to Olivero's objections stating that the sum of $1,104.08 was turned over from the LaSalle National Bank to Olivero pursuant to the garnishment within the statutory ninety-day preference period provided in Section 547 of the Bankruptcy Code. On September 22, 1987, in a brief supporting the objections, Olivero asserted that a $3,300.00 judgment was entered in his favor against Perez on October 21, 1986, by the LaSalle County Circuit Court. Olivero further stated that on December 31, 1986, a nonwage garnishment affidavit and summons to enforce the judgment were served on the LaSalle National Bank. Olivero claimed that because the disputed sum was paid pre-petition and Perez had not claimed the sum exempt under Ill.Rev.Stat. ch. 110, § 12–1001(b), Perez retained no interest in the garnished proceeds and the claim of exemption thereto was waived. Perez responded in a brief filed September 23, 1987, that the pre-petition payment by the bank to Olivero was an avoidable preference under section 547(b) and denied waiving the claim of exemption.

Perez's discharge issued June 25, 1987. On October 19, 1987, after a hearing before the Honorable David H. Coar, the second bankruptcy judge assigned the case, Olivero's objections were dismissed. Moreover, Judge Coar declined to order any turnover of the disputed sum as requested by Perez. Perez's bankruptcy case was closed on December 16, 1987.

## III.  DISCUSSION

On November 28, 1988, Perez filed the instant motion.  Perez alleges that he tried to collect the garnished sum by filing a small claims suit in LaSalle County Circuit Court on November 5, 1987.  Perez further alleges he filed a motion for summary judgment in that case.  On October 3, 1988, the Honorable David Zwanzig denied the motion for summary judgment by letter Order.  Summary judgment was denied for several reasons: (1) there was no showing that the trustee or the bankruptcy judge voided the transfer; (2) the bankruptcy judge refused the turnover order relief requested by Perez; (3) Judge Zwanzig would not construe allowance of the exemption as either an avoidance of the transfer or as a turnover order in the face of the refusal to order turnover; and (4) the resultant discharge of the underlying debt was held not dispositive either as same could as well be viewed as a discharge of the balance of the underlying debt after crediting the garnishment amounts.  Perez requests that the Court reopen the case to avoid the nonwage garnishment transfer of the bank account proceeds as preferential and require Olivero to turnover the disputed sum of $1,104.08.  Perez filed a supporting brief on January 5, 1989.  He alleges the motion is timely due to the failure to resolve Olivero's objections to the exemptions in the fund before October 19, 1987.

Olivero objected on November 28, 1988, to the instant motion on multiple grounds.  Perez's motion is (1) unverified; (2) provided no reasonable grounds for the relief sought; (3) showed no good cause; (4) is untimely; (5) seeks inequitable relief; (6) shows that Perez took no action when the case was still open to recover the exemption; (7) that Perez is guilty of laches; and (8) that the appropriate time to bring an action to recover the exemption proceeds has expired.  On February 3, 1989, Olivero filed a supporting brief in opposition to the motion noting that the provisions of section 350 are discretionary and that sections 522(i)(1) and 550(e)(1) also control.  Olivero asserts that section 550(e) provides that any action or proceeding may not be commenced by a debtor seeking to invoke the benefits of section 522(i) after the earlier of one year after the avoidance of the transfer sought on account of which recovery is claimed or the case is closed.  Olivero asserts that the earlier date is October 19, 1987, when Judge Coar denied Olivero's objection to the exemption but refused to order turnover of the disputed sum.  Therefore, he claims October 19, 1988, established the one-year bar date provided under section 550(e).

### A.  Perez's Reliance on Section 547 is Misplaced

Section 547(b) in relevant part provides:

(b) Except as provided in subsection (c) of this section, the *trustee* may avoid any transfer of an interest of the debtor in property—

. . . .

11 U.S.C. § 547(b) (emphasis added).

Generally, only a trustee can avoid preferential transfers.  4 *Collier on Bankruptcy* ¶ 547.21 at 547–83 (15th ed. 1988).  This is consistent with the former Bankruptcy Act.  *See Klein v. Leader Electric Corp.*, 81 F.Supp. 624, 626 (N.D.Ill.1948) ("The only right to set aside a preference resides in the Trustee … and not the creditors….").  In the instant case, the trustee filed a No–Asset Report on April 16, 1987, and took no action to avoid Olivero's judicial lien and the transfer he received.

### B.  Olivero's Section 550 Argument is Inapplicable

Section 550 applies to actions by the trustee when he invokes the statutory strong arm and other avoidance powers.

Section 550(a) in relevant part provides:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the *trustee* may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

. . . .

11 U.S.C. § 550(a) (emphasis added).

Perez's underlying debt and obligation to Olivero for the $3,300.00 was discharged on June 25, 1987. Thus, pursuant to section 524 Olivero is enjoined from proceeding to collect any of that discharged obligation from Perez. Perez's actions asserting a claim of exemption to the disputed sum of $1,104.08 were allowed by Judge Coar in the Order of October 19, 1987. Although the Order does not state the reasons for denial of the turnover, it is obvious that Judge Coar's ruling was based on Perez's failure to file either a motion to avoid Olivero's lien under section 522(f)(1) or an adversary proceeding pursuant to Bankruptcy Rules 7001(1) or 7001(2). As a result of Perez's failure to take any action, a final decree was entered and the case closed on December 16, 1987, in accordance with Federal Rules of Bankruptcy Procedure 3022, 5009, and 5010.

### C. *Statutory Authority to Reopen a Case*

Section 350 of the Bankruptcy Code provides that:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350.

The leading Seventh Circuit case on this issue and the only authority cited by Perez is *In re Stark,* 717 F.2d 322 (7th Cir.1983). *Stark* held that in a no-asset case where appropriate notice had been given, the debtor could reopen a case to add an omitted creditor where there was no evidence of fraud or intentional design and where the omitted creditor was not harmed in any way. The Seventh Circuit correctly noted the fact that the time for filing a claim had not yet passed in a no-asset Chapter 7 case. Thus, the creditor would have an opportunity to file a claim should subsequent assets be found. The Court finds *Stark* is inapplicable and clearly distinguishable from the case at bar. Contrary to the facts in

*Stark,* Olivero's claim was known and listed on the Schedules and Statement of Financial Affairs from the inception of the case.

The Court declines to exercise its discretionary power and reopen the case under section 350. Perez elected to proceed in circuit court to try and collect the amount of the allowed exemption rather than institute either the lien avoidance motion or an adversary proceeding before the bankruptcy court. In the interest of comity and because the circuit court for LaSalle County is a trial court of general jurisdiction and the circuit judge is eminently competent to decide the pending action, judicial economy will be better served by allowing that determination to be made there. To allow Perez to reopen the case would clearly subject both Olivero and the strained resources of the bankruptcy court to an unnecessary expenditure of time and effort.

Several authorities support the Court's denial of the motion to reopen the case. *See, e.g., Hawkins v. Landmark Finance Co.,* 727 F.2d 324 (4th Cir.1984) (refusing to reopen a case for a lien avoidance complaint when the debtor did not seek the reopening until after the creditor had incurred court costs and counsel fees in seeking a lien enforcement in the state court was not an abuse of the court's discretion); *In re Serafini,* 30 B.R. 606 (Bankr.W.D.Pa. 1983) (the court refused to reopen the case eight months after closing when the debtor procrastinated and the creditor objected); *In re Towns,* 16 Bankr. 949 (Bankr.N.D. Iowa 1982) (the court refused to reopen where the debtor had received a discharge and failed to file a lien avoidance complaint and the creditor subsequently commenced a replevin action); *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bankr.S.D.Ohio 1982) (a debtor can reopen his case at any time to file a section 522(f) motion but will be subject to the defense of laches); *In re M.E. Smith & Co.,* 52 F.2d 212 (D.Neb.1931) (when the claim is small, the court will not go to the time, trouble and expense to reopen the estate); *In re Ampel,* 203 F.Supp. 815 (S.D.N.Y.1962) (un-

less circumstances constitute good cause, the estate will not be reopened).

### D. *Laches*

In opposition to the motion at bar, Olivero alleges that the doctrine of laches applies. This Court finds the doctrine applicable in the instant case but will not bar Perez from proceeding in the timely-filed circuit court action. Black's Law Dictionary defines "laches" to include "... neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to adverse party, operates as bar in court of equity. *Wooded Shores Property Owners Ass'n, Inc. v. Mathews,* 37 Ill.App.3d 334, 345 N.E.2d 186, 189". Laches also requires an element of estoppel or neglect which has operated to prejudice a defendant.

### E. *Perez's Claim of Exemption*

The moving papers do not indicate whether or not an order was entered in 1986 requiring the LaSalle National Bank as garnishee to turnover the disputed sum to Olivero. If such an order was entered, Perez's interest in the garnished bank account may have terminated pre-petition and the claim to exemption through section 522 may be defeated. On the other hand, if no such order on the bank as garnishee was entered pre-petition, Perez would have retained an interest in the garnished bank account to which the exemption claim attached. *Byrant v. General Electric Credit Corp.,* 58 B.R. 144 (N.D.Ill.1986); *In re Johnson,* 53 B.R. 919 (Bankr.N.D.Ill.1985); *In re Johnson,* 57 B.R. 635 (Bankr.N.D.Ill. 1986). If the bank made an unauthorized turnover of the garnished account without court order, Perez's property rights therein would not be terminated and the claim of exemption previously allowed by Judge Coar would attach thereto. Although *Byrant* and the *Johnson* cases involved garnished wages as opposed to a garnished bank account, no substantive difference results due to the character of the garnished asset. A debtor claiming exemptions may avoid liens if they impair an exemption which is allowable under state law. 3 *Collier on Bankruptcy* ¶ 522.29 at 522–88 (15th ed. 1988). Exemptions are to be liberally construed in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985); *In re Terry,* 41 B.R. 508, 509 (Bankr.N.D. Ill.1984).

## IV. CONCLUSION

For the foregoing reasons, the motion to reopen this case is hereby denied.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.