LINDA DEE, Plaintiff-Appellant, v. ARTHUR L. PETERS et al., Defendants-Appellees.

Third District   No. 3—91—0645

Opinion filed April 23, 1992.

Charles E. Ruch, Jr., of Petersen, Deck, Ruch & Baron, of Kankakee, for appellant.

Christopher W. Bohlen, of Blanke, Norden, Barmann, Kramer & Bohlen, P.C., of Kankakee, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Linda Dee, brought an action against the defendants, Arthur L. Peters and Darlene L. Peters, arising out of the sale of a home by the defendants to the plaintiff. The trial court dismissed certain counts of the plaintiff's second amended complaint. The plaintiff moved for an interlocutory appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The trial court entered an order finding there was no just reason for delaying enforcement or appeal. We now affirm.

The plaintiff filed a second amended complaint on October 30, 1990. Count I alleged that the basement walls and foundation of the home the plaintiff purchased from the defendants were defective. Count I alleged the defendants knew of the defective condition, that the defendants had a duty to disclose the condition and that the defective condition was not discoverable through due diligence on the part of the plaintiff. The plaintiff alleged she relied on the defendants' silence and failure to disclose said defects. Count II made identical allegations as to the defendants' silence regarding a defective bathroom shower and water system. Count III made the same claim *vis-a-vis* the exterior walls of the home.

Counts VII, VIII, X, XI and XII concerned the same alleged defective conditions. These counts, however, were premised on a claim of a "fiduciary and/or confidential" relationship.

The defendants filed a motion to dismiss the second amended complaint. The trial court dismissed counts I, II and III, finding they failed to state a cause of action. In addition, the trial court found that

the relationship of a buyer and seller does not in and of itself create a fiduciary duty and that no facts had been alleged in the second amended complaint to imply such a relationship. Therefore, the trial court dismissed counts VII, VIII, X, XI and XII for failure to state a cause of action.

On appeal from a dismissal for failure to state a cause of action, this court's sole task is to determine whether the allegations of the amended complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action for which relief may be granted. *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 345 N.E.2d 186.

■ The plaintiff argues that a home seller's silence in not disclosing alleged defects, standing alone, gives rise to a cause of action for misrepresentation. Therefore, the plaintiff contends the trial court erred in dismissing counts I, II and III.

The plaintiff relies on *Posner v. Davis* (1979), 76 Ill. App. 3d 638, 395 N.E.2d 133. In *Posner*, the plaintiffs alleged the defendants fraudulently concealed certain defects in a home the plaintiffs purchased from the defendants. One of the defendants allegedly told the plaintiffs there had never been a basement flooding problem. In addition, at trial the defendants admitted removing damaged basement floor tiles and covering the damaged area with a large rug. The defendants also admitted to covering water-damaged walls of a third-floor bedroom with a vinyl wall-covering.

The appellate court found the evidence sustained the finding of fraud, citing the language from *Russow v. Bobola* (1972), 2 Ill. App. 3d 837, 277 N.E.2d 769, that silence accompanied by deceptive conduct or suppression of material facts results in active concealment. The court then went on to address the plaintiffs' argument that there was a modern trend away from *caveat emptor* and that silence alone could constitute fraud. Citing *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154 (finding an implied warranty of fitness with sale of new home by builder-vendor), and a California case (*Lingsch v. Savage* (1963), 213 Cal. App. 2d 729, 29 Cal. Rptr. 201) the court opined the law in Illinois should hold used-home sellers liable for failing to disclose material defects which the diligent buyer cannot discover.

We find at best this discussion in *Posner* to be *dictum* given the fact the defendants made statements denying basement water problems and admitted attempting to physically cover up the defects. The court was not presented with the issue of silence alone. Also a review of the cases cited by the plaintiff reveals that none involved silence

alone. We find no circumstances in these counts which merit departure from the general rule, nor a basis for expanding the law of this State to premise used-home seller liability on silence alone.

In sum, counts I, II and III failed to state a cause of action for which relief could be granted, and the trial court correctly dismissed these counts. We note other counts of the complaint which were not dismissed alleged fraud based on silence combined with active concealment of the alleged defective conditions.

■■ We also find no error in the trial court's dismissal of the counts alleging a fiduciary or confidential relationship. A fiduciary obligation must be predicated upon a preexisting relationship of trust between the parties, or if the alleged fiduciary relationship is to be based on the transaction in question, a showing that the defendant, upon whom a duty to disclose is sought to be placed, at least impliedly accepted the trust and confidence plaintiff sought to repose in him. (*Maguire v. Holcomb* (1988), 169 Ill. App. 3d 238, 523 N.E.2d 688.) In the instant case, as a matter of law there was no fiduciary relationship between the parties, and there was no factual allegation from which such a relationship could be inferred.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY, P.J., and HAASE, J., concur.